## STATE *vs.* WILLARD DAGGETT *and others.*

On trial of an indictment for a riot and rescue from the custody of an officer, of property attached by
him, *Held*, that the attachment might be proved by parol, although the officer had made return of
the writ, which return (through mistake) did not show the attachment of the property rescued.

THE respondents were indicted for a riot, and rescue of a
canal boat, called the Champlain, from the custody of *Stephen
Haight, Esq.* sheriff of the county of Addison, who had attached
the same, on a writ in favour of one *Johnson* against the said
*Willard Daggett* and one *Caleb Daggett.*

On the trial of the issue, the respondents having pleaded not
guilty to the indictment, the attorney for the state offered in
evidence, in support of the second count, the said writ of attach-
ment, being the same process set forth in the said second count
in said indictment, with the return of the said *Stephen Haight*
thereon, for the purpose of proving, that the said canal boat had
been attached by the said *Stephen,* as alleged in the indictment.
To this evidence the respondents objected, and the same was re-
jected by the court.

The attorney then offered the said *Haight* as a witness, to
prove by parol, that he had attached the said boat at the suit
of said Johnson, as set forth in the indictment. It however ap-
peared, that the said Stephen had returned the said attachment
to the county court, with his return thereon, and that a judg-
ment had been rendered in said suit ; and it did not appear from
the return of the said *Stephen* upon the said writ, that he had
attached the said boat. Whereupon the respondents objected
to the testimony of the said *Stephen,* and insisted, that in as
much as the said writ had been returned and entered in court,
and a judgment had been rendered in said suit, the whole pro-
ceedings had become a matter of record, and it was not compe-
tent for the prosecutor to prove any part thereof by parol. But
the court overruled the objection, and admitted the evidence.
Whereupon the respondents excepted, and prayed, that for the
error aforesaid, the verdict in the suit might be vacated, and a
new trial awarded, and also that judgment in the said suit might
be respited, and their said exceptions be reserved for the final
determination of the Supreme Court, agreeably to the statute in
such case made and provided.

And the exceptions were allowed and certified to this court
accordingly.

*Addison,*
January,
1827.

State
*vs.*
Daggett *et al.*

*Phelps,* in support of the motion for a new 'trial. The parol evidence of the attachment by the sheriff was improperly admitted, for two reasons. The first is, that the writ itself, with the return of the sheriff, have been produced. The writ in this case is the foundation of the sheriff's title to the property, without it he is a trespasser, and the production of the writ can no more be dispensed with than if the sheriff had sued in trespass. The suing out of a writ may indeed be proved by parol when the fact comes in collaterally, but in this case the offence charged depends wholly upon the sheriff's right to the property. Besides, the writ itself was not only returnable, but actually returned to the same court at which the indictment was preferred. It therefore became a matter of record, and neither the writ nor return could be proved by parol.—*See Peake's Ev.* 50.—*Swift's do.* 5 and 6, *Peterson* vs. *Hall* et al. there cited.—*2 Esp. N. P.* 434.

The other reason is, that the writ and return were produced on the trial, and it was not compent for the prosecution to explain, add to, or vary, the return, by parol evidence.

Whether a paper *must* be produced or not, is one question; whether it can be controled by parole evidence, is a very different one.

*Woodbridge,* attorney for the state, contra, insisted, that the attachment, as well as the rescue, were matters *in pais,* and no return had become necessary at the time the offence was committed. That no return of the officer, whether true or false, could alter the character of the transaction. That as the return, if false, could be impeached by the respondents in this case, so the attachment of the boat could be proved by testimony independent of it.

SKINNER, Ch. J. delivered the following opinion of the Court.

It was necessary for the publick prosecutor to give in evidence the writ upon which the boat was attached; for by that alone was the officer commissioned to take the property, and by that it was held in the custody of the law. The writ, together with the officer's certificate or return thereon, was offered in evidence, and from the case, it appears to have been rejected, because the return did not show the boat to have been seized thereon. In examining the record, we find the officer omitted in his certificate, or return endorsed upon the process, to describe the property attached; in this it was defective. Parol testimony was then admitted, (though objected to by the counsel for the defendant) to show the attachment of the boat. No question was made in relation to the *process,* but it was contended, that by the officer's *return,* endorsed thereon, it must appear that the boat was taken, and that oral testimony could not be received to supply the defect. There are cases in which no return is supposed to exist, and therefore none can be shown. The proceedings or doings of the officer are to be endorsed upon the process by the return-day, and if then made, he has performed his duty.

Addison,
January,
1827.

State
vs.
Daggett et al.

If before the return-day the property attached is released by consent of the parties, either by a settlement of the suit, or otherwise, there is no necessity of making a return, and the officer, in such case, or any person under him, may justify by the writ alone, without showing the return.

If the trial had been before the return-day, and before the officer had endorsed his return, there can be no doubt the attachment of the property might have been shown by parol. And we know of no principle upon which, if the officer should have neglected to make return, where the interest of third persons or the publick is concerned, that the proceeding may not be shown by parol. The officer himself may justify, under final process, without showing a return, although it is his duty to make return. (*Camp.* 18.—10 *East.* 73.—8 *Johns. R.* 53.) But as the process in this case was returned, and a return endorsed, it is insisted it is the only evidence, is conclusive, and that it cannot be contradicted, varied, or enlarged by parol. It is true the return of the officer upon process is conclusive in the suit, and cannot, by the parties, be contradicted, &c. Farther than this, it is only *prima facie*, and has never been held conclusive upon the rights of third persons; that is, such as are neither parties or privies. Where a fact stated in the return comes incidentally in question, the return is but *prima facie* evidence of the fact; and if in this case the officer had returned the fact of having attached the boat, the defendants would not have been concluded thereby, but would have been permitted to contradict it, by showing the sheriff never did seize or take it. This right must be mutual. To be convicted of a crime by such evidence as an officer's return, without the privilege of showing it false, would be dangerous to the liberties of the citizens. Even in the case of rescue, if the proceeding is by indictment, the defendant may show the return false. These principles we believe have obtained in our courts and are supported by authority.—*Philip's Ev.* 313. —11 *East.* 297.—14 *Johns.* 481–2.—4 *Bac.* 399.—6 *Com. Dig. Return*, G.

The motion for a new trial must be overruled, and the Court will proceed to render judgment upon the verdict.

*Enoch D. Woodbridge*, attorney for the state.

*Samuel S. Phelps*, for the respondents.