STATE OF VERMONT *v.* GEORGE FERRY ET AL.

*Impeding officer. Pleadings. Habeas Corpus; when returnable. R. L. s.* 1348.

1. In an indictment for impeding an officer, it is a sufficient allegation of official capacity to say that the person impeded was a sheriff.

2. The indictment alleged that the respondents made an assault and impeded the officer by making such assault. *Held,* not bad for duplicity.

3. It further alleged that the officer was endeavoring to execute his process "by attempting to apprehend the body of one Julia Whitcomb." *Held,* sufficient.

4. A writ of *habeas corpus* is not void because made returnable on the first secular day after its issue, that being *forthwith* within the meaning of R. L. s. 1348.

5. It is not necessary that the writ should be subsequently returned. If the process under which an officer is acting is strictly legal, an d he acts in good faith, it is a crime to impede him.

This was an indictment for impeding an officer in the discharge of his duty, and was heard on general demurrer at the April Term, 1889, Ross, J., presiding. The demurrer was over-ruled, *pro forma,* and the respondents excepted.

The following was the indictment :

" STATE OF VERMONT, }
Lamoille County, ss. }

Be it remembered that at a term of the County Court begun and holden at Hyde Park, within and for the said County of Lamoille, on the first Tuesday of December, A. D. 1888, the grand jurors within and for the body of the County of Lamoille aforesaid, now here in court, duly empaneled and sworn, upon their oath present that George Ferry, G. A. Ferry and Vernon Whittemore of Wolcott, in said county, on the 18th day of August, A. D. 1888, at Wolcott aforesaid, with force and arms in and upon one Howard L. Stevens of Wolcott aforesaid, then and there being a deputy sheriff within and for said county, under the authority of this State, an assault did make, and did impede

and hinder him, the said Stevens, while in the execution of his said office, by so assaulting, by pushing, striking, obstructing, threatening and opposing him, the said Stevens, while he, the said Stevens, was executing his said office by attempting to apprehend the body of one Julia Whitcomb, then and there being in the custody of said George Ferry, G. A. Ferry and Vernon Whittemore, under and by virtue of a certain process which was and is in the words and figures following :

To H. H. Powers, Judge of the Supreme Court of Vermont :

Your relator, L. S. Whitcomb, of Wolcott, in the County of Lamoille, and State of Vermont, states :

That his minor daughter, Julia Whitcomb, aged seventeen years, is imprisoned and detained by G. A. Ferry and George Ferry, under the false pretense that the said Julia is not in a suitable condition to be moved, and your relator further states that the place at which said Julia is detained is not a suitable place for any girl, sick or well, and that the said Ferrys are not suitable persons to care for a girl, in her condition, and that he has good reason to believe, and does believe, that the said G. A. Ferry and George Ferry are attempting an abortion upon the said Julia Whitcomb.

Wherefore, your relator prays that the writ of *habeas corpus* may be granted for the custody of the said Julia Whitcomb.

L. S. WHITCOMB.

Subscribed and sworn to before me this 18th day of August, A. D. 1888.

H. HENRY POWERS,

Judge of the Supreme Court.

STATE OF VERMONT, }
Lamoille County, ss. }

To any Sheriff in the State, greeting :

By the authority of the State of Vermont, you are hereby commanded to apprehend the body of the said Julia Whitcomb, and have her before me at the office of Wilson & Powers in

(40)

Wolcott, in said county, on Monday, August 20, A. D. 1888, at 8 o'clock, and on receipt hereof you are further commanded to summon the said G. A. Ferry and George Ferry to appear before me at Wilson & Powers' office at said time and place and show cause for taking and detaining said Julia Whitcomb.

. Serve and return according to law.    Dated at Wolcott aforesaid this 18th day of August, A. D. 1888.

H. HENRY POWERS,

Judge of the Supreme Court.

And the said George Ferry, G. A. Ferry and Vernon Whittemore then and there well knew said Stevens to be a deputy sheriff as aforesaid, and to be then and there engaged in the execution of his said office by attempting to apprehend the body of said Julia Whitcomb by virtue of said process as aforesaid.

Contrary to the form, force and effect of the statute in such .case made and provided and against the peace and dignity of the State."

*J. C. Baker* and *H. S. Wilson*, for the respondents.

1. There is no allegation that Stevens was authorized to serve process, and this was necessary. R. L. s. 2578; Desty Am. Crim. Law, s. 76 a; *State* v. *Hooker*, 17 Vt. 671; 6 Vt. 215.

The indictment contained distinct averments of an assault and impeding an officer, and is bad for duplicity. 2 Bish. Crim. Proc., s. 56.

The manner of executing the process is not sufficiently averred. *State* v. *Downer*, 8 Vt. 424; *State* v. *Burt*, 25 Vt. 373.

The process which the officer was executing was void, hence he cannot claim protection of the law. R. L. s. 1348; *State* v. *Hooker*, 17 Vt. 671; Desty Crim. Law, s. 76 a; 1 Bish. Crim. Proc., s. 187; 1 Chitty Crim. Law, 60, 61.

It does not appear that the process was ever returned, as it should. *Wright* v. *Marvin*, 59 Vt. 437; 17 Vt. 671.

*George M. Powers*, State's Attorney, for the State. ·

Stevens' official character is sufficiently set forth. 1 Whar. ·Crim. Law, s. 615; 2 Bish. Crim. Proc., s. 890; 1 Russell on ·Crimes, 770; *State* v. *Hooker*, 17 Vt. 658; Heard's Crim. Pleading, 45 and n. 3.

There is no duplicity. The statement of the assault shows the .manner of the impeding. *State* v. *Matthews*, 42 Vt. 545; Heard's Crim. Pleading, 126; Aiken's Forms; Bennett's Vt. Justice, 707; *State* v. *Downer*, 8 Vt. 424; *State* v. *Hooker*, .*supra*; *State* v. *Carpenter*, 54 Vt. 552; *State* v. *Burt*, 25 Vt. .373.

The opinion of the court was delivered by

TAFT, J. I. It is sufficiently alleged that Stevens was a ·deputy sheriff; no further allegation in that respect is necessary. .*State* v. *Hooker*, 17 Vt. 671.

II. The indictment is not bad for duplicity; it charges the .respondents with assaulting Stevens and by so assaulting him that they impeded him in the execution of his office. It was necessary that the pleader should set forth the manner in which the officer was impeded, and if by assault, it should be so alleged.

III. The indictment sufficiently sets forth the manner in which Stevens was attempting to execute the process, viz.: "by attempting to apprehend the body of one Julia Whitcomb," and the time when he was so attempting is directly alleged as the 18th ·day of August, 1888.

IV. R. L. s. 1348 requires a writ of *habeas corpus* to be made returnable *forthwith*. The writ in question was returnable the first secular day after its issue; we think that was *forthwith* within the meaning of the section. Whether the respondents could take advantage of the defect, if it was not, we ·do not decide. The statute does not forbid a judge from naming the day when the person detained shall be brought before him, .and it certainly does not require him to name the hour. What

the rights of a party may be, when in attempting his liberty, a writ is made returnable after many months, is not the question before us. The subject of the writ is not the one complaining here. An officer after receiving a writ of *habeas corpus* has from three to twelve days to serve and return it, R. L. s. 1355, depending upon the distance of the place of imprisonment from the place of return. It is in all cases, undoubtedly, more convenient for all parties interested to have some day named when the judge signing the writ will hear the case, than to have no time assigned and the time left uncertain.

V. The respondents claim that it should be alleged in the indictment that the writ of *habeas corpus* which the officer was attempting to serve, was duly returned, citing the case of *Wright* v. *Marvin*, 59 Vt. 437. In that case the defendant had taken property upon a writ of replevin, and made no return either of the writ or bond. The court held in an action of trover for the property that he could not justify by showing the service of the writ alone, but that he must show its return. Whatever may be the rulings of the courts in civil cases as to property rights which depend upon proceedings in the courts, we think it good law and sound doctrine, to hold in criminal cases that no person has a right to assault a public officer, in the line of his duty, while engaged in the service of process, the process being strictly legal, and the acts of the officer in good faith, whatever the subsequent irregularities in the proceedings may be. Stevens is not a party; the proceeding is not for his benefit; the public are prosecuting for an alleged crime; the defendants were third parties, with no right to interfere to prevent the apprehension of Whitcomb. If the claim of the respondents in this respect is a tenable one, it would only be necessary for an evil disposed person to so assault and batter an officer in the execution of process as to render it impossible for him to return it, to afford him a perfect shield and defense to his illegal acts; and it would necessarily follow that an officer might be assaulted, without redress, while engaged in the discharge of acts enjoined upon him by law, acting in good faith, in the strict line of duty.

State of Vermont *v.* Ferry et al.

While the rule adopted in *Wright* v. *Marvin, supra,* is a salu-tary one and clearly correct, upon the facts in that case, it by no means follows that in all civil cases an officer cannot justify under *mesne* process, without showing its return.    See *State* v. *Daggett et al.,* 2 Aik. 148.    We are not called upon, however, to discuss or consider these questions.    The indictment, in re-spect of this objection, is good.

VI.    It is insisted that it is not alleged that the respondents knew the official character of Stevens at the time of the acts complained of. There is but one allegation of time in the indict-ment, namely : the 18th of August, and the allegation they "then and there well knew said Stevens to be a deputy sheriff as aforesaid," refers to that time ; the date of the 20th day of August is not an allegation in the indictment, but is a date in the writ which is set forth *in hæc verba.*

VII.    We think a dull person would understand that it is alleged in the indictment that Stevens was attempting to make the arrest and not the respondents.    It is certain in that respect.

*The indictment is adjudged sufficient.    Judgment affirmed and cause remanded.    All concur.*