# Adler *et al. v.* Potter.

*Action for Breach of Replevin Bond.*

1. *When defective replevin bond good as common-law obligation.*—A replevin bond, taken by an officer levying attachment, although defective as a statutory bond, may nevertheless be good as a common-law obligation, supported by a sufficient consideration, if the property levied on is delivered to the obligors by the officers because of its execution.

2. *Same; what will not vitiate; mistakes corrected by parol evidence.*—Mistakes in the recital of the attachment and its levy, not being matters of substance, but of inducement, showing the consideration of the bond—will not vitiate the bond; such mistakes may be corrected by parol evidence.

3. *Parol evidence to identify writ referred to in the bond; admissibility of.*—If the bond is made payable to the plaintiff in the attachment, and describes the writ, parol evidence may be received to identify the particular writ to which it refers.

[Adler et al. v. Potter.]

4. *Variance; estoppel.*—The obligors, when sued on such a bond, can not take advantage of a variance between its recitals and the indorsement on the writ describing the property levied on; and they are estopped from disputing either the levy or the liability of the property levied on.

5. *The measure of the recovery,* in an action on such a bond, is the value of the property at the time it was seized, or at the time it should have been delivered in compliance with the condition of the bond.

APPEAL from the City Court of Selma.

Tried before the Hon. JONATHAN HARALSON.

This action was brought by Lewis W. Potter, appellee, against Moses Adler and his sureties, appellants, on a bond given to replevy certain property levied upon under an attachment issued at the suit of said Potter. L. W. Potter leased land to Collins and McNair for the year 1871, and issued an attachment against the crop raised by his tenants for the rent in kind due him for 1871, which was returnable to the then next term of the Circuit Court of Dallas. This attachment was placed in the hands of De Camp, who, as sheriff, on 7th October, 1871, levied the same on the cotton and growing crop on said land rented from Potter by Collins and McNair, the defendants to this suit. Adler and Schwartz, Vieget and Long, executed and delivered to the said sheriff the bond sued on, and in consideration of the execution and delivery thereof, received from the said sheriff the property on which he had levied said attachment—that is, by this bond they replevied the property. Potter obtained a judgment against Collins and McNair on 11th May, 1875, for $240. The sheriff returned the said bond in the case of *Potter v. Collins and McNair.* The condition of said bond is in the following language: "The condition of the above obligation is such, that whereas, a writ of attachment issued by R. D. Berry, as justice of the peace, at the suit of Lewis Potter against the crops growing on lands owned and cultivated by Adler and Schwartz during the year 1871, returnable to the next term of the Circuit Court of Dallas county, for the sum of seven hundred dollars, has been levied on certain cotton on said plantation; and whereas, said property has been delivered to Adler and Schwartz on entering into this bond; now, therefore, if said defendants shall fail in said suit, they or their sureties shall return the specific property attached, and above mentioned, to the sheriff of Dallas county, within thirty days after judgment in said suit, then this obligation is to be void, otherwise, to remain in full force and effect." The plaintiff offered said bond in evidence, to which the defendants objected, on the ground that it was variant from the bond described in the first count of the complaint, and

could only be made to conform to the second count by the introduction of parol evidence which would materially vary its terms and legal effect. The objection being overruled, the defendants excepted. The plaintiff then introduced several witnesses in succession, proving respectively the recitals and levy of the attachment, the writ referred to in the bond, &c., to all of which defendants excepted.

Several demurrers to the complaint, going principally to the allegations as regards the bond, were interposed and overruled. The defendants pleaded only one plea, in substance: that they had returned the specific property mentioned in their bond to the sheriff within the time therein prescribed. The various rulings of the court are now assigned as error, together with the judgment as to the measure of recovery.

WHITE & WHITE, for appellants.

FELLOWS & JOHN, contra.

BRICKELL, C. J.—1. The bond was very unskillfully drawn, and is variant from the statute directing the mode of replevying property, on which an attachment is levied, in several necessary constituents. It could not, therefore, operate as a statutory bond, on which execution could issue against all the obligors, for the amount of the judgment and costs, if the property levied on was not returned within the time expressed in its condition. The bond is nevertheless valid as a common-law obligation, supported by the consideration, that the property levied on was withdrawn from the possession of the officer making the levy, and delivered into the possession of the obligors.

2. The recitals of the attachment, and its levy, are not of matters of substance, but of matters of inducement, showing the consideration of the bond. Mistakes in these recitals will not vitiate the bond, for they are not an essential part, and refer to extrinsic matters, which parol evidence may supply or correct.—*Tallmage v. Richmond*, 9 Johns. 85; *Meredith v. Richardson*, 10 Ala. 828; *Mitchell v. Ingram*, 38 Ala. 325.

3. The bond is payable to the appellee, and purports to be given for the replevy of property levied on by an attachment, in which he was plaintiff. We can discover no objection to parol evidence, identifying the particular writ to which the bond refers. No term of the bond is added to, or qualified, or varied. The general terms, that the attachment

[Pendry v. Brundridge.]

was at the suit of the appellees, are simply rendered certain. The loss of the attachment was shown, and the secondary evidence of its contents was admissible.

4. If there was a variance between the property described as having been levied on, and the indorsement of the levy on the attachment, it was immaterial, as the obligors, in bonds of this character, are not allowed to take advantage of such defects.—*Anderson v. Rhea*, 7 Ala. 104. Nor was it any inquiry in this suit, whether the levy of the attachment was rightful or wrongful. The obligors in the bond are estopped from disputing the levy, and the liability of the property levied on to seizure.—*Mead v. Figh*, 4 Ala. 279; *Easley v. Walker*, 10 Ala. 671.

5. It is a statutory bond only, that imposes on the obligors, liability for the amount of the judgment in the attachment suit, without regard to the value of the property replevied. That obligation results from the express terms of the statute, prescribing the penalty and condition of the bond, and if the statute was silent in this respect, the extent of the obligation of the bond would be the damages the plaintiff had sustained, the value of the property replevied, if that did not exceed the amount of the judgment. As we have said, this is not a statutory bond, and is valid and operative only as a common-law obligation. The measure of recovery is consequently the value of the property replevied at the time it was seized, or at the time it should have been delivered, in compliance with the conditions of the bond. The court erred in adjudging the amount of the judgment, was the measure of the recovery, and rendering judgment therefor without evidence that the value of the property equalled, or exceeded, the judgment. The error compels a reversal.

Let the judgment be reversed, and the cause remanded.