# Brown *v.* Hamil.

*Special Action on the Case by Landlord, against Advancing Merchant, for Conversion of Tenant's Crop, with notice of Statutory Lien.*

1. *Estoppel by replevin bond.*—Judgment by default being rendered in an attachment case, and the property attached not being delivered according to the condition of the replevin bond (Code, §§ 3289-91 ; Sess. Acts 1880-81, p. 54), the surety on the bond is estopped, in any subsequent proceeding, from denying the regularity of the levy, or the liability of the property to seizure under the writ.

[Brown v. Hamil.]

2.  *Same; landlord's lien; action for conversion of crop, with notice of
lien.*—The landlord's lien on the crops raised by his tenant, for rent and
advances (Code, § 3467), is superior to that of a merchant who makes
advances under a crop-lien contract (*Ib.* §§ 3286-7), and must prevail
when properly asserted; yet, if the merchant sues out an attachment to
enforce his lien, and the landlord becomes surety for his tenant on a
replevin bond, being thereby estopped from denying the liability of the
property to the attachment, after judgment by default, he can not after-
wards maintain an action against the plaintiff therein, as for a conver-
sion of the crop with notice of his lien.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by John M. Hamil, against John
O. Brown, to recover damages for an alleged conversion by de-
fendant of a crop raised on rented land, with notice of plain-
tiff's lien as landlord; and was commenced on the 18th Sep-
tember, 1882.   The complaint contained a single count, which
alleged that the plaintiff leased certain lands, for the year 1881,
to one C. H. Smart, and made necessary advances to enable
him to raise a crop on said land, whereby plaintiff acquired and
had a lien on the crops raised by said Smart on said land; that
the defendant had notice of these facts, "yet, notwithstanding the
premises, and plaintiff's rights by reason thereof, said defend-
ant on the 7th December, 1881, procured an attachment to be
issued by the clerk of the Circuit Court of said county, and
caused the same to be levied by the sheriff of said county upon
the crops of said tenant, grown as aforesaid on plaintiff's land
during the year 1881, and said crop to be replevied and taken
out of the possession and control of said tenant and plaintiff,
and placed in the custody of the law; by means whereof, plain-
tiff's lien on said crop, for rent and advances made as aforesaid,
was destroyed and lost, and plaintiff damaged," &c.   The de-
fendant pleaded, "in short by consent," 1st, not guilty; 2d, *res
adjudicata*; 3d, "that plaintiff is estopped by his own certain
bond, or writing obligatory, now on file in this court, from set-
ting up his said lien in said complaint mentioned."   The court
sustained a demurrer to the third plea, and the cause was tried
on issue joined on the others.   On the evidence adduced, which
is stated in the opinion of the court, the court instructed the jury,
at the request of the plaintiff, that they must find for him, if
they believed the evidence.   The defendant excepted to this
charge, and he here assigns it as error, together with the ruling
on the demurrer to the third plea.

N. W. GRIFFIN, for appellant.

STONE, C. J.—In December, 1881, John O. Brown sued
out an attachment against Smart and Henly, which was levied

on farm products that had been grown that year. Brown asserted claim to the property attached, under a written contract of lien for advances to make a crop, commonly called a crop-lien. After the property was attached, Smart, one of the defendants, gave a replevin bond with two sureties, one of whom was J. M. Hamil, appellee in this cause. The attached property was then restored to the defendant in attachment. Brown recovered judgment by default against Smart and Henly, defendants in attachment, and the replevied property not being surrendered to the sheriff, Hamil paid the amount of the recovery, to avoid a forced collection by him. This attachment proceeding was had under the amended sections 3289 and 3291 of the Code of 1876, as found in Pamphlet Acts 1880–1, pp. 54–5, approved March 1st. 1881. Under this statute, if Brown's recovery had not been paid, Smart and his sureties, of whom Hamil was one, had no means of relieving themselves from the payment of the judgment. They had permitted all opportunities to pass for making any defense, based on a denial of the liability of the property to Brown's attachment.—*Jemison v. Cozens*, 3 Ala. 636 ; *Adler v. Potter*, 57 Ala. 571.

After Hamil had paid Brown's recovery, he instituted this action on the case, the *gravamen* of his action being, that Brown had wrongfully levied his attachment on property, on which he, Hamil, claimed he held a paramount lien. The claim of Hamil was that of landlord for unpaid rent. It is certainly true, that a landlord has a lien on the crops grown on rented premises, for rent in arrear, which is paramount to that of an outsider, who claims only for advances made under crop-lien contract. And if the claim in this case had been asserted in correct form, and at the right time, there can be no question that Hamil's right was superior to Brown's. We have shown above that, in the attachment proceedings, even to their close and final execution, all the makers of the replevin bond were estopped from denying that the property was levied on under the attachment, and that it was subject to the process. The same result would have followed, if the property had belonged to an outside stranger, or if the levy had been fictitious, there being no such property. Statutory replevin bond is not the form in which adversary claim to property can be asserted. It proceeds on the concession that the property seized belongs to the defendant, and the bond is given to save the expense of safe custody, and to secure its return to the possession of the defendant, to remain there until the suit is determined. It is manifest that, so far as the attachment proceedings are concerned, the bondsmen on the replevin bond are estopped from denying that the property attached was the property of Smart, or Smart and Henly, and subject to the attachment.—*Mead v. Figh*, 4 Ala. 279 ;

*Dunlap v. Clements*, 17 Ala. 778; *Cooper v. Peck*, 22 Ala. 406; *Mitchell v. Ingram*, 38 Ala. 395.

In *Easly v. Walker*, 10 Ala. 671, this court said: "We apprehend that the execution of a forth-coming bond, for property subject to seizure, would estop the party from controverting the regularity of the levy." In *Adler v. Potter*, 57 Ala. 571, it was said: "The obligors in the bond are estopped from disputing the levy, and the liability of the property levied on to seizure." See, also, *Collins v. Mitchell*, 5 Fla. 364; *McMillan v. Dana*, 18 Cal. 339.

The result of the attachment suit being a conclusive estoppel on Hamil to dispute, in that suit, Smart's ownership of the property in controversy, can he be heard to gainsay it in an independent action? Would not the entertainment of such a suit be, in effect, to allow that to be done indirectly, which can not be accomplished by direct means? We hold, that Hamil lost his opportunity by the unadvised course he pursued in the attachment suit. If, instead of being a mere lien creditor, he had been the absolute owner of the property, and had pursued the course in reference to it, which he is shown to have pursued in the attachment suit, we are unable to formulate an argument which will support his claim to the property, afterwards asserted. Can a better argument be made in favor of the present suit? We think not.

The Circuit Court erred in charging the jury on the effect of the evidence.

Reversed and remanded.