# Traweek, *et al. v.* Heard.

### *Action on Sheriff's Bond.*

1.   *Sheriff liable on his official bond for taking defective replevy bond in detinue.*—When the sheriff accepts a defective replevy bond upon the surrender by him to the defendant of the property seized under a writ of detinue, he and his sureties become liable to the plaintiff in such action for the resulting damages.

APPEAL from Butler Circuit Court.
Tried before Hon. JOHN P. HUBBARD.
Action by George P. Heard against I. Y. Traweek, sheriff, and others, for breach of his bond.   The plaintiff alleged the failure on the part of Traweek, as sheriff of Butler county,

to faithfully discharge his duties of the office, and assigns as the principle breach that he failed to take a statutory replevy bond from the defendants in the detinue suit brought by the plaintiff in this action, George P. Heard, against J. H. Hicks et al., as he was required to do by the indorsement made on the summons and complaint by the clerk. The defendant demurred to the complaint, and most of the grounds of his demurrer were sustained. The practical effect of the rulings on the demurrer was that, under the complaint, the only damage that could be recovered was for the costs of the detinue suit.

J. F. STALLINGS, for appellant.

J. C. RICHARDSON, for appellee.

HARALSON, J.—The indorsement of the clerk on the summons in the case of Geo. P. Heard, (the plaintiff in this case in the court below, v. J. A. Hicks, et al.) required the defendant, I. Y. Traweek, as sheriff of Butler county, to take the property mentioned in the complaint into his possession, unless the defendant gave bond, payable to the plaintiff, in double the amount of the value of the property, with condition, that if the defendants were cast in the suit, they would, within thirty days thereafter, deliver the property to the plaintiff, and pay all costs and damages which might accrue from the detention thereof. The endorsement of the clerk followed strictly the requirements of section 2717 of the Code.

The sheriff seized the property mentioned in the complaint, except two steers, and delivered it to the defendants, upon their giving bond, which answered the mandate of the clerk, as endorsed on the summons, and as required by statute, except that it did not contain the condition—"and pay all costs and damages which may accrue from the detention thereof." This was a defect in the bond, which deprived it of its statutory capacity. Such bonds, to be statutory, must follow strictly the substance, and it would be well, in practice, always, the letter of the statute, and not contain conditions other or fewer than the statute requires.—*Adler v. Potter*, 57 Ala. 571.

The sheriff was not authorized to take any other than a statutory bond, which, if the defendants were cast in the suit, and failed to comply with its conditions, had the force and effect of a judgment, on which execution might issue against all the obligors therein, as provided by section 2721 of the Code.

[Decatur Building and Investment Co. v. Neal.]

The bond required by statute to be taken in such cases, is a protective measure to the plaintiff, to secure the return to him of the property replevied, the damages for its detention, and the costs of the suit, in case the defendant is cast. The failure, therefore, of the sheriff to take a statutory bond, is a breach of his official duty to the plaintiff, for which he and his sureties on his bond, are liable in damages to him.

There was a demurrer to the complaint, assigning numerous grounds to the several breaches of the bond as set out, all of which were sustained, except such as related to the breaches for costs and damages for detention, and these were overruled, thereby visiting the demurrer upon parts, and not upon the entire complaint.

The case was then tried upon the plea of the general issue, and verdict rendered and judgment entered for plaintiff for $471.40, the amount of the costs shown to be due in the detinue suit. No damage for detention of property was found.

The court, at the request of the plaintiff, charged the jury, if they believed the evidence, they must find for the plaintiff for the entire costs in the case of *Heard v. Hicks and others*, and refused to give the general charge requested by the defendants. In these rulings, the court committed no error.

Affirmed.