# Hayes *v.* Miller.

## *Action for Damages for Bite of Wolf.*

(Decided May 8, 1907.   43 So. Rep. 818.)

1. *Animals; Owner of Wild Animals; Liability for Injuries.*—The owner of animal Ferae Naturae is liable to a person bitten by such animal without proof that the owner knew that the wolf was vicious and without proof that he was negligent in permitting the wolf to be at large.

2. *Same; Ownership.*—A person in possession of a wolf in the street of a city is liable for injuries sustained by the bite of such animal whether the person in possession of same is the owner or not.

3. *Pleading; Complaint; Objection; Demurrer; Motion to Strike.*—Where a complaint states a good cause of action but contains a claim for damages not recoverable in such action such defect cannot be reached by demurrer but may be reached by a motion to strike, by objection to evidence of such damage or by special requested instructions.

4. *Animals; Ferae Naturae; Injuries; Defenses.*—A plea in defense of an action for injury caused by the bite of a ferocious animal which alleges that the animal was not known to be fierce, dangerous and irreclaimable, but had been domesticated to such an extent as to lead those acquainted with its habits to believe it was harmless and that defendant had never known it to harm anyone though it had been brought constantly in contact with other people, etc|, was not good, but the facts alleged therein are admissible in reduction of damages.

5. *Appeal; Prejudice; Striking Out Plea.*—Where the facts pleaded by special plea can be shown under the general issue it is harmless error to strike such plea.

6. *Abatement and Revivor; Death of Co-Defendant.*—Where two defendants are sued in tort and pending the suit one dies judgment may be had against the surviving defendant without a recovery as to the other.   (Section 43, Code 1896.)

APPEAL from Gadsden City Court.
Heard before Hon. JOHN H. DISQUE.

[Hayes v. Miller.]

Action by E. T. Miller against John R. Hays and another. From a judgment for plaintiff, defendant Hays appeals. Affirmed.

This was an action for damages resulting from the bite of a ferocious wolf. Counts 6, 7, 8, and 9 of the complaint allege in effect that plaintiff was attending to his own business in the streets of Attalla, and defendants had in their possession, tied with a chain, a wolf of a canine species, a ferocious wild animal, and negligently allowed said wolf to bite and wound plaintiff, from which plaintiff suffered great physical and mental pain. There was a claim in the ninth count for special damages of $10 expended in employing a physician to attend and dress said wound caused by said bite. Numerous demurrers were interposed, raising the question as to special damages and as to the rights to recover for mental anguish, and for that it does not appear from the counts whether plaintiff suffered injury from the bite of one or three animals, nor whether the animal which bit plaintiff was a wolf, or a canine, or a ferocious animal. These demurrers being overruled, plaintiff set up by way of pleas that one of the defendants, Kelly, had the wolf securely tied by a chain and was managing him with all due caution, and warned plaintiff not to approach; but plaintiff did approach and tease said wolf, and was injured while fretting or teasing him. Pleas 8 was as follows: "For further answer to the complaint, defendant says that he did not own, nor was he in possession or control of, the animal when the plaintiff received the injury complained of, and avers that said animal was not known to be fierce, dangerous, and irreclaimable, but had been domesticated to such an extent as to lead those acquainted with its habits to believe that no harm would come from contact with it; that this defendant had known the animal for some weeks before the alleged injury to plaintiff, and had never known it to harm or attempt to harm any one, although it had been brought constantly in contact with other people." The plaintiff moved the court to strike all of plea 8 from the words, "and avers that said animal," and all other words to

the end thereof. Before the trial of the cause the defendant Kelly died, and the defendant Hays objected to judgment being rendered against him alone. There was judgment for plaintiff as against the defendant Hays for the sum of $50, and defendant appeals.

BOYKIN & BRINDLEY, for appellant.—There was a variance between the allegations and the proof. Where the declaration charges that an injury is the result of the concurrent negligence of two defendants there can be no recovery unless the jury find both of the defendants guilty.—*St. Louis B. & S. Co. v. Hopkins*, 100 Ill. App. 567; *Henry, et al. v. Carleton*, 113 Ala. 636; 6 Thompson on Negligence, p. 514. The averment of negligence and the proof of negligence are not consistent.— *Conrad v. Gray*, 109 Ala. 131; *Highland Ave. & Belt Ry. Co. v. Maddox*, 100 Ala. 618; *Smith v. Gale*, 58 Ala. 606. If issue is joined on an immaterial plea and the plea proven, defendant will be entitled to recover.—*L. & N. R. R. Co. v. Brinkerhoff*, 119 Ala. 59; *Winter & Loeb v. Poole*, 100 Ala. 503.

CATO D. GLOVER, for appellee.—One in possession of a wild animal keeps it at his own peril.—*Springcase v. Edgar*, 99 U. S. 653; 2 Cyc. 367; 2 A. & E. Ency. of Law 351. So does one who owns a domestic animal known to be vicious.—*Strouse v. Leepl*, 101 Ala. 434; *Springcase v. Edgar, supra*. The damages recoverable are the direct and necessary results of the injury, including physical pain and mental anguish, and are implied by law and need not be specially pleaded.—*Robinson v. Marion*, 28 Am. St. Rep. 50. The possession of the servant is the possession of the master.—*Maddox v. The State*, 26 South. 306.

ANDERSON, J.—There is, and properly so, a recognized distinction between the liability of the owner for damage done by wild animals, or animals feræ naturæ, and by those classed as domestic animals. The gist of the action as to damage done by the latter is the keeping of the animal with knowledge of its vicious propensities.

On the other hand, the owner of wild animals feræ naturæ is as a general rule liable for injuries done by them. It is not necessary to prove that the owner had knowledge of the vicious nature of a wild animal causing injury, as he is conclusively presumed to have such knowledge. Neither is it necessary to show that the owner was negligent in permitting the animal to be at large, for he is bound to keep it secure at his peril.—2 Am. & Eng. Ency. Law 351; 2 Cyc. 367, and authorities cited in note; *Spring Co. v. Edgar,* 99 U. S. 645, 25 L. Ed. 487; *Parsons v. Manser,* 119 Iowa, 88, 93 N. W. 86, 62 L. R. A. 132, 97 Am. St. Rep. 283. For a full discussion, see note on page 287 of 97 Am. St. Rep.

Each count of the complaint avers that the plaintiff was bitten while upon the streets of Attalla by "a wolf of a canine species, a ferocious wild animal." The defendant was liable, whether the actual owner or not, if in his possession and control at the time the plaintiff was injured. The trial court did not err in overruling the demurrers to amended counts 6, 7, 8, and 9.

Nor was there any merit in the demurrer relating to the claim of damages for services of a physician. If a complaint makes out a recoverable right, but contains a claim for nonrecoverable damages, the way to reach the defect is by motion to strike, objection to the evidence, or special instructions to the jury, and not by demurrer.—*Woodstock Co. v. Stockdale,* 143 Ala. 550, 39 South. 335.

So much of plea 8 as was stricken was no defense to the action, but the facts there set out might go in reduction of the damages.—*Besozzi v. Harris,* 1 F. & F. 92 (English). It is unnecessary, however, for us to decide this point;; for, if the facts therein averred could be received in reduction of the damages, they could have been shown under the general issue, and, if the court erred in striking them from the plea, it was error without injury.

While the evidence shows that Kelly was actually leading the wolf, the defendant Hays was with him, and they were acting in concert. Moreover, there was some evidence that Hays was the owner of the wolf. The

trial judge had the witnesses before him, and his judgment was like unto the verdict of a jury, and we are not disposed to disturb his conclusion on the facts.

The judgment could have been rendered against Hays without a revivor caused by the death of his codefendant, Kelly.—Section 43 of the Code of 1896; *Garrett v. Lynch*, 44 Ala. 324.

The judgment of the city court is affirmed.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.