(95 South. 878)

## SIMPSON AUTOMOTIVE CO. v. VINES.
### (6 Div. 877.)

(Supreme Court of Alabama. April 12, 1923.)

Detine ⏅15—Replevy bond held insufficient as statutory bond.

Replevy bond in detinue *held* insufficient as statutory bond, as not following strictly the substance of the statute.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by the Simpson Automotive Company against Girdley Vines. From a judgment, granting motion to quash execution, plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Appellant sued Girdley Vines in statutory detinue for an automobile and damages for the detention thereof. Vines gave a forthcoming bond with Lucinda Vines, L. V. Vines, Maggie M. Sullivan, and Jim Sullivan as sureties. Judgment by consent was rendered against Girdley Vines for the property sued for or its alternate value of $370, together with $483.83 as damages for the detention. The judgment not being paid or the property returned, the sheriff indorsed thereon the failure of the defendant to deliver the property sued for and to pay the damages and return the same into court. Upon such return the clerk issued execution against the sureties on said bond, whereupon the said sureties filed motion in court to quash the execution, which motion was granted and the execution ordered quashed.

The motion was based on the ground that the bond declared forfeited was insufficient as a statutory bond. This bond, after preliminary recitals as to the suit brought and the issuance of the writ of detinue, etc., proceeded as follows:

"And whereas the said Girdley Vines, defendant in said suit, has failed and neglected, for the space of five days from the taking into possession of said property by said ——, sheriff as aforesaid, to give bond and take possession of said property as authorized by law, now, therefore, if the said ——, plaintiff in said suit, shall deliver the above-described property to the said ——, defendant in said suit, within thirty days after judgment, together with damages for the detention and cost of suit, in case —— shall fail to recover the same in —— suit, then in that event this obligation to be void, otherwise to remain in full force and effect."

From the order quashing the execution, the plaintiff has prosecuted this appeal.

Goodwyn & Ross, of Bessemer, for appellant.

Where the words of a bond are not sufficiently explicit, it must be construed in reference to the intention of the parties. Whitsett v. Womack, 8 Ala. 466; Meredith v. Richardson, 10 Ala. 828; Loeb v. City of Montgomery, 7 Ala. App. 325, 61 South. 642; Ala. Power Co. v. Hamilton, 201 Ala. 62, 77 South. 356; Sheffield Co. v. Harris, 183 Ala. 357, 61 South. 88; Adler v. Potter, 57 Ala. 571; Ward v. Hood, 124 Ala. 570, 27 South. 245, 82 Am. St. Rep. 205.

Pinkney Scott, of Bessemer, for appellee.

The bond executed by defendant was not binding. Code 1907, § 3783¼; West v. Hayes, 120 Ala. 97, 23 South. 727, 74 Am. St. Rep. 24; Harrison v. Hamner, 99 Ala. 605, 12 South. 917; Traweek v. Heard, 97 Ala. 716, 12 South. 166.

GARDNER, J. The only question presented upon this appeal relates to the sufficiency of the replevy bond executed by the appellees as a statutory bond, justifying the issuance of execution thereon against the obligors.

This court has had occasion, in the very recent case of Ex parte L. C. White, 95 South. 495,[1] to review this question, citing some of the authorities pertinent thereto. In that case it was said:

"Such a statutory bond, properly returned forfeited as provided by statute, has, by virtue of section 3783 of the Code, 'the force and effect of a judgment,' and this fact doubtless had influence in the former decision of this Court, holding that such bonds should 'follow strictly the substance * * * of the statute.'"

In that opinion was cited the cases of Traweek v. Heard, 97 Ala. 715, 12 South. 166; Harrison v. Hamner, 99 Ala. 603, 12 South. 917.

So much of the replevy bond here in question as is material to the decision of this cause will appear in the report of the case, and the language of its condition need not be here repeated. Suffice it to say that it requires no argument to demonstrate upon reading the bond that it falls far short of the rule, as disclosed by our decisions, that, as a statutory bond, it should follow strictly the substance of the statute. We consider the decision of Ex parte L. C. White, supra, and authorities therein cited as decisive of this appeal adversely to the appellant.

We have carefully considered the several authorities cited in brief of counsel for appellant, and find that none of them deal with the question of the sufficiency of the bond as a statutory bond, and are therefore without

influence upon this appeal, as that is the only question to be considered.

Let the judgment of the court below be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.