(112 So. 343)

### BRASWELL v. WATKINS, Sheriff, et al.
### (4 Div. 320.)

Supreme Court of Alabama.    April 7, 1927.

1. **Attachment** ⟝332, 340—Statutory judgment forfeiting replevy bond in attachment must strictly follow substance of statute, including description of parties, but bond is valid, common-law obligation (Code 1923, § 6204).

Forfeited replevy bond in attachment, under Code 1923, § 6204, has effect of judgment against obligors, including sureties, and judgment must strictly follow substance of statute, including description of parties, but bond is valid and binding as common-law obligation.

2. **Sheriffs and constables** ⟝88—Sheriff must perform mandate of writ of execution, though recalled by clerk.

Clerk's recall of valid execution from sheriff affords latter no protection; his duty, on due issuance of writ, being to perform its mandate, subject only to certain control by plaintiff.

3. **Sheriffs and constables** ⟝125(1)—Summary judgment will not be rendered against sheriff for failure to make money or indorse true date of delivery on execution under voidable judgment forfeiting replevy bond in attachment. (Code 1923, §§ 6204, 10233, 10236).

Summary proceeding on sheriff's bond being penal, a summary judgment will not be rendered against him under Code 1923, §§ 10233, 10236, for failure to make money, or indorse true date of delivery, on execution issued on forfeited replevy bond in attachment under section 6204, where judgment is subject to be quashed on defendant's motion for failure to correspond with writ and other proceedings in naming parties; plaintiff being left to remedy by action on replevy bond and sheriff's bond for damages accruing by failure to take such bond as statute requires.

Appeal from Circuit Court, Coffee County, Elba Division; W. L. Parks, Judge.

Motion by W. C. Braswell for summary judgment against W. H. Watkins, as Sheriff, and the sureties on his official bond. From a judgment denying the motion, plaintiff appeals. Transferred from the Court of Appeals under Code 1923, § 7326. Affirmed.

P. B. Traweek, of Elba, for appellant.

Irregularities of fi. fa. cannot be set up by the sheriff as a defense for failure to do his duty and execute the writ. Couch v. Atkinson, 32 Ala. 633; Rich v. Lowenthal, 99 Ala. 487, 13 So. 220. It is the duty to indorse the true date of the fi. fa. to him, even though it be returned by order of the plaintiff in execution himself. O'Connor v. Dickson, 112 Ala. 304, 20 So. 413. When the sheriff receives the execution, it is his duty, in the absence of instructions from the owner of the judgment not to do so, to levy the execution on sufficient property of defendant to satisfy it, if he can find it. For failure to do so, the sheriff and his surety are liable. N. A. R. Co. v. Lowery, 3 Ala. App. 511, 57 So. 260; Patton v. Hamner, 28 Ala. 622; B. D. G. Co. v. Bledsoe, 117 Ala. 495, 23 So. 153; P. C. & Oil Co. v. Daniel, 209 Ala. 363, 96 So. 424; Higdon v. Fields, 16 Ala. App. 182, 76 So. 466; Smith v. A. G. S., 212 Ala. 166, 102 So. 118. Deputy sheriffs are subject to the same responsibilities as the sheriff. Rogers v. Carroll, 111 Ala. 610, 20 So. 602. The condition of a replevy bond is broken when the

---

⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 215 Ala. 357.

plaintiff obtains judgment and the property is not restored. The liability of obligors in such a bond is measured by statutory provisions. Woolfolk v. Ingram, 53 Ala. 11.

Wilkerson & Brunson, of Elba, for appellees.

The bond was not a statutory bond, and could not be legally returned forfeited. Code 1923, § 6204; Cobb v. Thompson, 87 Ala. 381, 6 So. 373; Nicolson v. Burke, 15 Ala. 353; Moffitt v. Branch Bank, 7 Ala. 593; Adler v. Potter, 57 Ala. 571; Branch Bank v. Darrington, 14 Ala. 192; Harbin v. Nations, 214 Ala. 649, 108 So. 749. The officers were under duty to recall the forfeiture of the bond. Nicolson v. Burke, supra.

BOULDIN, J. This is a motion for summary judgment against a sheriff and the sureties on his bond for failure to make money on execution (Code, § 10233), and for failure to indorse on the execution the true date of delivery (Code, § 10236).

The execution received by the sheriff, for which he is called to account, was a summary execution issued upon a forfeited replevy bond in attachment. Code, § 6204.

The attachment for rent, levy on the crops, execution of a replevy bond, judgment of condemnation, default in delivery of the property, return of the bond forfeited, and issue of the summary execution thereon, all followed in due course.

Throughout the proceedings the suit was W. C. Braswell v. Arthur Wilkerson, as sole defendant, except in this: In the replevy bond it is recited that the suit is against Arthur Wilkerson and E. C. Moore, and that the writ is directed against the estate of both. The bond is signed only by Wilkerson and his sureties, recites the property was delivered to him on the execution of the bond, and binds him and his sureties to return the property according to the statutory condition.

It appears that after the sheriff received the execution on the forfeited bond, and after conference, he indorsed the execution, "recalled by the clerk," and returned it, and also indorsed the bond, "Forfeiture withdrawn."

The defense set up is that the replevy bond was not a statutory bond for failure to correspond with the writ and other proceedings in naming the parties to the suit; that therefore the forfeited bond would not support a summary execution, and was properly recalled or returned without action thereunder.

[1] In Moffitt v. Branch Bank, 7 Ala. 593, the judgment ran against two defendants, and a forthcoming bond described it as against one only. For this discrepancy, the execution on the forfeited bond was quashed.

In Nicolson v. Burke, 15 Ala. 353, the judgment and execution ran against one defendant, and the bond recited two, naming the defendant and the surety on his forthcoming bond; held the forfeited bond would not support an execution, and a sale of lands was set aside.

The principle announced in these early cases was that the forfeited bond, under the statute, has the force and effect of a judgment against the obligors, including sureties, who are made quasi parties by reason of their execution of the bond; and that a statutory judgment of this character must follow strictly the substance of the statute. For the purposes of such judgment, the description of the parties as given in the bond has been treated as matter of substance—identifying the bond with the writ and the judgment of condemnation.

Alongside these cases came Meredith v. Richardson, 10 Ala. 828, declaring such bond valid and binding as a common-law obligation. This parallel line of cases has been consistently followed throughout our judicial history, while the statutes have been many times re-enacted. Russell v. Locke, 57 Ala. 420; Adler v. Potter, 57 Ala. 571; Cobb v. Thompson, 87 Ala. 381, 6 So. 373; Traweek v. Heard, 97 Ala. 715, 12 So. 166; Harrison v. Hamner, 99 Ala. 603, 12 So. 917; Ex parte White, 209 Ala. 95, 95 So. 495; Simpson Auto. Co. v. Vines, 209 Ala. 213, 95 So. 878.

In Adler v. Potter, 57 Ala. 571, it was said:

"The recitals of the attachment, and its levy, are not of matters of substance, but of matters of inducement, showing the consideration of the bond."

This was an action on the bond as a common-law obligation; parol evidence was allowed to connect the bond with the writ. But the same case recognizes a different rule in dealing with a summary execution on the forfeited bond. See Code, § 2615.

[2] The action of the clerk in recalling a valid execution from the sheriff would afford him no protection. When duly issued, the control of the clerk ends; the duty of the sheriff ensues to perform its mandate subject to certain control by the plaintiff in the process.

[3] But the summary proceeding on a sheriff's bond is penal in character. A summary judgment will not be rendered against him for failure to make the money on execution without a valid judgment behind it—one subject to be quashed on motion of the defendants. The misfeasance or malfeasance of the sheriff, through his deputy, in taking an insufficient bond, is not the basis of the motion here. For like reasons, no judgment should be rendered for failure to indorse the date of delivery to him.

Following the law as long written, we must hold the appellant is left to his remedy by action on the replevy bond, and, if need be, on the sheriff's bond for such damages as

may have accrued by failure to take such bond as the statute requires.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.