(121 So. 547)

HARBIN v. O'REAR et al. (6 Div. 252.)

Supreme Court of Alabama. April 4, 1929.

Davis, Curtis & Hunter, of Jasper, for appellant.

Bankhead & Bankhead and C. R. Wiggins, all of Jasper, for appellees.

THOMAS, J. The question presented by the nonsuit with a bill of exceptions and appeal is whether or not the cause of action survived the death of the sheriff, Guy V. O'Rear. There was due suggestion of the death of the principal in suit against the same and his sureties, and motion for revivor against his personal representative. The motion to revive was denied, by sustaining demurrer thereto, and the cause was abated, at the cost of plaintiff.

If there was a failure on the part of the sheriff to take the required or statutory bond, when, having seized the property of defendant in attachment, he redelivered the same, this was a breach of the terms of his official bond, subjecting him and his sureties to liability for the resulting damages. Braswell v. Watkins, 216 Ala. 62, 63, 112 So. 343; Traweek v. Heard, 97 Ala. 715, 12 So. 166. The mandatory provisions of another statute, as to property seized by the sheriff and redelivered, was the subject of Poole v. Griffith, 216 Ala. 120, 112 So. 447. In this there was analogy as to the liability of the sheriff in not complying with the statute in dealing with attached property.

After service of process upon both defendants, the sheriff and his sureties on official bond, the principal died. The action and cause of action survived the death of such defendant, and should have been permitted on due application therefor, to have been revived against his personal representative; and the suit should have been allowed to proceed against both parties. If the plaintiff had so desired, the suit may proceed against the surety alone. This was the subject of discussion in Union Indemnity Co. v. Webster, 218 Ala. 468, 118 So. 794.

The several statutes having application are: Sections 5712, 5715, 5716, and 5717 of the Code. The official bond was a joint promise and obligation, and the liability was declared to be joint, as well as several, by express terms of the statute. Section 5719, Code; Obermark v. Clark, 216 Ala. 564, 114 So. 135, 55 A. L. R. 1153. In Wynn, Adm'r, v. Bank, 168 Ala. 491, 492, 495, 53 So. 228, these statutes are discussed.

In the case at bar the action had been instituted and the several defendants had service perfected thereon, when the sheriff died. The motion was to revive the pending action; the court held that such revivor could not be had. In this there was error. Illustration of the effect of our stated cases may be taken of revivor upon the death of plaintiffs and defendants, where a person was *injured* at a railroad crossing and had filed suit and died, held that such action survived, and there

was permitted a revivor and the further prosecution thereof in the name of decedent's personal representative against the defendant. Southern Ry. Co. v. Cates, 211 Ala. 282, 284, 100 So. 356. And in Union Indemnity Co. v. Webster, supra, one of the defendants died after service of process on all defendants, and the suit was prosecuted to judgment without revivor at the instance of plaintiff (against objection of the remaining defendant) without the personal representative of deceased defendant. Such is the effect, in suits on official bonds, of statute sections 5719, 5682, and 2612 of the Code.

It may be said by way of answer to appellant that at common law it required the death of the sole plaintiff or defendant to abate an action by reason of the death of a party. 1 C. J. 153, § 248; 1 R. C. L. 22, § 13; Hayes v. Miller, 150 Ala. 621, 43 So. 818, 11 L. R. A. (N. S.) 748, 124 Am. St. Rep. 93; Garrett v. Lynch, 44 Ala. 324. The text-writer of 1 Corpus Juris, § 260, p. 159, adverts to the fact of modification of the common law by statute, and cites Wynn v. Tallapoosa County Bank, 168 Ala. 469, 53 So. 228.

And other pertinent decisions in this jurisdiction are Long v. K. C. Co., 170 Ala. 635, 54 So. 62, where action for fire loss proceeded in the name of the survivor where there was more than one plaintiff; Burrows v. Pickens, 129 Ala. 648, 29 So. 694, where the action proceeded under the statute in the name of the surviving plaintiff in ejectment; Rosser v. Timberlake, 78 Ala. 162, 166, an action on an injunction bond, proceeded in the name of the survivor after the death of one of plaintiff's obligees, Chief Justice Stone saying: "There is nothing in the objection that Timberlake was allowed to continue the action in his individual name, after Bunn's death. Bunn was his co-obligee in the bond, his co-plaintiff in the suit, and, when he died, Timberlake alone was authorized to sue. 1 Add. on Contr. (3d Amer. Ed.) 649, 650, § 465; 1 Pars. on Contr. 31." In Evans v. Welch, 63 Ala. 250, Chief Justice Brickell said: "If the action is by or against several jointly, the death of one may be suggested, and, if the cause of action permits, the suit may be prosecuted by or against the survivors. Code of 1876, § 2908." Powell v. Glenn, 21 Ala. 458, was in trover, and one of the plaintiffs died pending suit, and his representative was not made a party and held no objection to proceeding to a judgment in behalf of the other party. In Bebee v. Miller, Minor, 364, the action was on the bond of Miller to Brewer and Bebee, and on Bebee's death it was in Brewer, the survivor, and suit proceeded in the name of Brewer's executors. In Hayes v. Miller, 150 Ala. 621, 624, 43 So. 818, 11 L. R. A. (N. S.) 748, 124 Am. St. Rep. 93, the suit was for personal injury, and Mr. Chief Justice Anderson declared for this court that when two defendants are sued in tort and

pending that suit one dies, the action may proceed to judgment against the surviving defendant without bringing in the personal representative of the other. Section 43, Code of 1896; Garrett v. Lynch, 44 Ala. 324. And such was the holding in Union Indemnity v. Webster, supra, where the deputy sheriff died and the suit proceeded to judgment against the surety without bringing in the personal representative of the deceased principal defendant.

Here the appellant brought her suit and had service perfected against the principal, the sheriff and his surety on official bond; and before the trial the sheriff died and it was suggested and revivor sought as to his personal representative. The express terms of the statute are that such action survived. Such a statute (section 5712, Code) is liberally construed. Wynn, as Adm'r, v. Tallapoosa Bank, supra. The statute under which the personal representative was sought to be made a defendant is section 5712, Code of 1923, as follows: "All actions on contracts, express or implied; all personal actions, except for injuries to the reputation, survive in favor of and against the personal representatives." A reasonable construction thereof and in its very words permits revival of action "against the personal representatives" of the decedent, O'Rear.

It cannot be successfully maintained that the official bond of an officer lives in liability only so long as the official is in life. If this construction be given, an unwritten condition is introduced into the official bond stronger than its written conditions, and the purpose and extent of the statute broadening the common-law rule of liability of official bonds are rendered nugatory. Union Indemnity Co. v. Webster, supra. The death of the principal in the official bond did not terminate, abrogate, discharge, or absolve from liability thereon for official acts of the principal done, committed, or permitted within the terms and period in which the official bond was of force. Any other construction of our statute of revivor, and that of the duty and obligations under official bonds, would defeat the legislative purpose in such matters and seriously impair the security sought to be afforded under required official bonds.

The judgment of the circuit court was laid in error, the revivor against O'Rear's personal representative should have been permitted, and demurrer to the motion to such end should not have been sustained, and the nonsuit, because of such adverse ruling with a bill of exceptions, presents for review the actions of the court in this behalf and in the dismissing of said cause, at plaintiff's cost.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.