(137 So. 44)

## LIVINGS et al. v. BARNES.

4 Div. 639.

Court of Appeals of Alabama.

May 19, 1931.

Rehearing Denied June 16, 1931.

Powell, Albritton & Albritton, of Andalusia, for appellants.

E. O. Baldwin, of Andalusia, for appellee.

RICE, J.

Appellee brought suit in detinue against one E. D. Turner to recover possession of a Ford car. The property was duly seized by the sheriff. Thereupon the defendant Turner executed a forthcoming bond, for the return of the property in the event of failure in the suit. Code 1923, § 7389.

This bond, instead of providing that defendant, if cast in the suit, should within, etc., "deliver the property to the plaintiff," etc., merely provided that defendant, if cast in the suit, etc., should "deliver the property replevied," etc. It was taken and approved by the said J. N. Livings, in his official capacity as sheriff, etc.

Appellee was successful in the said detinue suit. Defendant Turner failed to return the property recovered of him in the same, within thirty days. Livings (the sheriff) returned the bond forfeited; execution was duly issued on it, but was quashed on motion of the sureties on said bond.

Later, suit was brought on said bond, by appellee, against Turner, and the sureties. This suit resulted in appellee's taking a nonsuit, because of adverse rulings on the pleadings by the trial court.

The present suit, by appellee, was then brought against Livings, the sheriff, and the sureties on his official bond, resulting in a judgment in appellee's favor for $100—much less than the face of the bond given by defendant Turner, in the above-mentioned detinue suit, and much less than the amount claimed by appellee, and shown by his testimony to have been his damages by reason of the failure of the sheriff, Livings, to take from Turner the proper statutory bond, etc.

The bond taken and approved, in the said detinue suit, from Turner, etc., conditioned as we have above indicated, is not distinguishable, in legal effect, from the bond held not a compliance with the statute in Ex parte White et al. (White et al. v. Morring) 209 Ala. 95, 95 So. 495. And see Simpson Automotive Co. v. Vines, 209 Ala. 213, 95 So. 878.

The said bond not being the required statutory bond, its acceptance and approval by Sheriff Livings, and his redelivery to Turner, thereon, of the property which he had seized under the writ of detinue, constituted a breach of the terms of his official bond, subjecting him and his sureties to liability for the resulting damages. Harbin v. O'Rear et al., 219 Ala. 173, 121 So. 547.

In this case, in view of the holdings by the Supreme Court in the cases cited hereinabove, we are of the opinion that appellee was entitled to have given at his request the general affirmative charge in his favor. However, the court submitted the case to the jury, and the judgment appealed from, based on their verdict, will not be disturbed.

It is affirmed.

Affirmed.