154 So. 825

**CAMPBELL et al. v. TUCKER.**

7 Div. 250.

Supreme Court of Alabama.

April 12, 1934.

Rehearing Denied May 31, 1934.

Baker & Baker, of Fort Payne, and Ball & Ball, of Montgomery, for petitioners.

Chas. J. Scott, of Fort Payne, and Thos. E. Orr, of Albertville, opposed.

Brief did not reach the Reporter.

THOMAS, Justice.

The trial was had on count B, which averred that Campbell was sheriff and National Surety Company was surety on his official bond; that such official levied an attachment on certain personal property, so described in his return, and surrendered the same to defendant on his giving a replevy bond, and which is a declaration for taking a common-law bond. Section 6203, Code.

This statute (section 6203) provided the substance of such statutory bond, that it (1) be payable to the plaintiff, (2) in double the value of the property replevied, to be determined by the officer making the levy; and the conditions of liability provided are (1) that, if the defendant fail in the action, the principal in the bond, or his sureties, will return the specific property attached, (2) within thirty days after the judgment, and that the bond must be returned (by the sheriff) with the other papers of the cause. If the property is not so delivered, the sheriff shall return the bond forfeited, and execution must be issued thereon against the principal and sureties "for the amount of the value of the property replevied, as fixed by the sheriff or other officer making the levy, with interest thereon from the date of the bond, and for the cost of the replevy and of the execution, unless such value is greater than the amount of the judgment against the defendant, in which case the execution shall be for the amount of such judgment and costs." Sections 6203, 6204, Code.

■ The officer's return is strictly construed, and conditions and obligations of replevin are liberally construed, where possible, to give effect to reasonable operation and intention of the parties. Jaffe v. Leatherman, 226 Ala. 182, 146 So. 273; Id., 222 Ala. 326, 131 So. 902; Garrett, Sheriff, v. Cobb, 199 Ala. 80, 74 So. 226.

If a sheriff or constable fails to take the required bond when redelivering property attached, he subjects himself and his sureties to liability for damages. Harbin v. O'Rear, 219 Ala. 173, 121 So. 547; sections 2597, 2612, Code.

■ It is a statutory bond only that imposes on the obligor liability for the *amount of the judgment* in an attachment suit, without regard to the value of the property replevied. This result is, from the express terms of the statute which prescribes the condition and penalty of such bonds. Adler v. Potter, 57 Ala. 571; Traweek v. Heard, 97 Ala. 715, 12 So. 166; Harbin v. O'Rear, supra; Cobb v. Thompson, 87 Ala. 381, 6 So. 373; Gaut v. Beatty, 200 Ala. 654, 77 So. 28; Jaffe v. Leatherman, 226 Ala. 182, 146 So. 273; Id., 222 Ala. 326, 131 So. 902.

■ The instant bond is in the usual form for such instruments, as considered by this court in the decisions, with the omission of the name of the obligee, and that of the date within which redelivery of the property levied upon and described in the bond was made. This failure on the part of the sheriff to take the required statutory bond, after he had seized and redelivered the property to defendant in attachment, was a breach of the terms of his official bond, as it was not a statutory bond. Harbin v. O'Rear, 219 Ala. 173, 121 So. 547.

■ These omissions did not render the bond taken void, when the tenor of the whole instrument is considered; such is the effect of our decisions, when its terms under the circumstances of the case and the intention of the parties are considered. Winkle v. Anderson, 225 Ala. 38, 41, 141 So. 683. If the instrument is not aided by the statute, it is good as a common-law bond. Limestone County v. Montgomery, Superintendent of Banks, 226 Ala. 266, 146 So. 607, 87 A. L. R. 164; American Book Co. v. State, 216 Ala. 367, 113 So. 592; Royal Indemnity Co. v. Young & Vann Supply Co., 225 Ala. 591, 144 So. 532.

The Court of Appeals says: "The so-called forthcoming bond was not a nullity. Taking the whole instrument in connection with the surrounding circumstances, there can be no doubt as to the identity of the obligee in the

660

bond, and while the omission to name the obligee renders the bond ineffective as a statutory bond so as to protect defendants in this suit, the obligation still rests on the principal and sureties in said bond, for the benefit of the plaintiff in the attachment suit. * * * The defendant offered no testimony, and it appears without conflict from the undisputed evidence that the plaintiff is entitled to recover." In this statement we concur. However, that court says further "that the amount of that recovery should be the judgment in the attachment suit plus the costs in that case; that plaintiff is not entitled to a recovery for costs and attorneys fees in the suit in the circuit court in which plaintiff undertook to fix a common-law liability on the bond taken by the sheriff."

It is only by virtue of the statute and a statutory bond taken as authorized by law that the measure of damages is fixed as declared. That is to say, that, by reason of section 6203, Code, and the taking of a statutory bond as therein provided, the provisions of section 6204 of the Code are effective; and the amount of the "judgment against the defendant" and the "execution shall be for the amount of such judgment and costs," where the value of the property replevied as fixed by the officer making the levy is greater than the amount of judgment against the defendant. Without such evidence of the value of the property redelivered under a common-law bond, judgment could not be rendered against the official bond of the officer and his sureties in the amount indicated.

However, the opinion indicates that the officer approved the bond after fixing the value of the property in excess of the judgment and costs. This was a prima facie admission by that officer of its value so fixed in the instrument. The bond, judgment, and cost bill are indicated in amount by the Court of Appeals, and further conclusion on the evidence is made by that court as follows:

"It further appears that the evidence on another trial would not be changed; and, it appearing from the record what judgment the trial court should have rendered, it becomes the duty of this court to do so." (Italics supplied.)

The writ is denied.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.