SEE, Justice
(dissenting).
Ronald Poarch sued Alfa Mutual Insurance Company (“Alfa”), claiming breach of contract and bad-faith failure to pay an insurance claim (“bad faith”). After a trial, the jury returned a verdict in favor of Alfa on the breach-of-contract claim, but in favor of Poarch on the bad-faith claim. The jury awarded Poarch $6,000 in compensatory damages. The Court of Civil Appeals reversed the judgment and remanded the ease for a new trial, concluding that the jury’s verdict was inconsistent. See Poarch v. Alfa Mut. Ins. Co., 799 So.2d 949 (Ala.2000). This Court granted Alfa’s petition for certiorari review, and it now affirms the judgment of the Court of Civil Appeals. I dissent.
The main opinion concludes that the Court of Civil Appeals correctly remanded this case for a new trial based on what that court found to be inconsistent verdicts on Poarch’s bad-faith and breach-of-contract claims. Although inconsistent verdicts are usually set aside by an order granting a motion for a new trial, Burkett v. Burkett, 542 So.2d 1215, 1220 (Ala.1989),[4] I do not *965 believe a new trial is necessary in this case. In Barnes v. Dale, 530 So.2d 770, 778 (Ala.1988), this Court stated:
“The authority of an appellate court to direct a judgment contrary to the jury’s verdict is grounded in statutory and common law. Code 1975, § 12-22-70, which is a mere codification of the court’s inherent power, states that the appellate court may, ‘upon the reversal of any judgment or decree, remand the same for further proceedings or enter such judgment or decree as the court below should have entered or rendered, tohen the record enables it to do so.’ This authority is historically supported. See Henry v. White, 222 Ala. 228, 131 So. 899 (1931); First Nat. Bank of Stevenson v. Crawford, 25 Ala.App. 463, 149 So. 230, cert. den., 227 Ala. 188, 149 So. 228 (1933); Campbell v. Tucker, 26 Ala.App. 100, 154 So. 821, cert. den., 228 Ala. 658, 154 So. 825 (1934); Wilkes v. Stacy Williams Co., 235 Ala. 343, 179 So. 245 (1938); Drummond v. Franck, 252 Ala. 474, 41 So.2d 268 (1949); and Haden v. Lee’s Mobile Homes, Inc., 41 Ala.App. 376, 136 So.2d 912 (1961), cert. den., 273 Ala. 708, 136 So.2d 920 (1962).”
(Emphasis added.) I believe the record in this case demonstrates that this Court should enter a judgment in favor of Alfa on both the breach-of-contract claim and the bad-faith claim.
The elements of a bad-faith claim were set out by this Court in National Security Fire & Casualty Co. v. Bowen, 417 So.2d 179 (Ala.1982):
“[T]he plaintiff in a ‘bad faith refusal’ case has the burden of proving:
“(a) an insurance contract between the parties and a breach thereof by the defendant;
“(b) an intentional refusal to pay the insured’s claim;
“(c) the absence of any reasonably legitimate or arguable reason for that refusal (the absence of a debatable reason);
“(d) the insurer’s actual knowledge of the absence of any legitimate or arguable reason;
“(e) if intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer’s intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim.
“In short, plaintiff must go beyond a mere showing of nonpayment and prove a bad faith nonpayment, a nonpayment without any reasonable ground for dispute. Or, stated differently, the plaintiff must show that the insurance company had no legal or factual defense to the insurance claim.”
Bowen, 417 So.2d at 183 (emphasis in (a) and (c) added).
The Court of Civil Appeals’ opinion notes:
“The requirements of Bowen were later interpreted to require that a plaintiff establish that he or she was entitled to a *966 judgment as a matter of law on the underlying claim for breach of contract as a prerequisite for stating a bad-faith claim. See Burkett v. Burkett, 542 So.2d 1215 (Ala.1989); National Sav. Life Ins. Co. v. Dutton, 419 So.2d 1357 (Ala.1982). This requirement was known as the ‘directed-verdict’ rule, i.e., the plaintiff was required to show that he or she was entitled to a directed verdict on the underlying breach-of-contract claim in order to state a claim of bad faith.”
Poarch, 799 So.2d at 953-54. Poarch did not meet this burden.
The jury found, and I believe the record supports the jury’s finding, that Alfa did not breach the insurance contract with Poarch. “The jury’s verdict is presumed to be correct,” Friendly Credit Union v. Campbell, 579 So.2d 1288, 1291 (Ala.1991), and this Court will not reverse a judgment on a jury verdict on a weight-of-the-evidence basis unless the evidence, when viewed in a light most favorable to the nonmovant, shows that the verdict was plainly and palpably wrong and unjust. Christiansen v. Hall, 567 So.2d 1338, 1341 (Ala.1990). Therefore, Poarch did not establish that he had a right to a directed verdict on the breach-of-contract claim.
Even if we disagreed with the finding of the jury that the evidence was sufficient to support a breach-of-contract verdict, a directed verdict is proper only where the nonmoving party has failed to present substantial evidence on an issue material to the claim or where there are no disputed questions of fact on which reasonable people could differ. See Fleetwood Enters., Inc. v. Hutcheson, 791 So.2d 920 (Ala.2000). The evidence supports a conclusion, and the jury verdict indicates, that reasonable people could differ as to whether Alfa breached its contract with Poarch.[5] Thus, Poarch’s failure to establish his right to a directed verdict on the breach-of-contract claim — a requisite element of his claim of bad-faith failure to pay — compels the conclusion that Poarch did not establish a claim of bad faith. Therefore, I believe the trial court erred in denying Alfa’s motion for a judgment as a matter of law based on Poarch’s failure to establish a prima facie case of bad faith.
For these reasons, I would not grant a new trial. Instead, I would remand the case for the trial court to enter a judgment for Alfa on the bad-faith claim.

. The Court of Civil Appeals cites Burkett, 542 So.2d 1215, which involved fraud, breach-of-contract, and bad-faith claims. The jury in Burkett was instructed not to return an inconsistent verdict on the fraud and breach-of-contract claims. Id. The jury disregarded *965 that instruction; this Court reversed the judgment based on the verdicts and remanded the case for a new trial. Id. This Court further held that the trial court erred by denying the defendant's motion for a JNOV on the bad-faith claim. Id. Burkett is distinguishable. Under the particular circumstances of Burk-ett, the new trial was necessary because, even if the trial court had granted the defendant’s motion for a JNOV on the bad-faith claim, this Court still would have had to remand the case for a new trial to resolve the inconsistency between the fraud and breach-of-contract claims. In this case, the only claims before us are the bad-faith and breach-of-contract claims. If there is evidence supporting the jury’s verdict finding that Alfa did not breach the insurance contract, then we must uphold the jury’s verdict as to that claim. Because a breach of contract is an element of a bad-faith claim, id. at 1217, we may enter a judgment in favor of Alfa on the bad-faith claim.

. Moreover, the jury’s breach-of-contract verdict indicates that Alfa had an arguable reason for refusing to pay Poarch’s claim— namely, that under the terms of the insurance policy it was not obligated to pay. "[I]f any one of the reasons for denial of coverage is at least ‘arguable,’ this Court need not look any further,” and a claim alleging bad-faith refusal to pay will not lie. McLaughlin v. Alabama Farm Bureau Mut. Cas. Ins. Co., 437 So.2d 86, 91 (Ala.1983). At a minimum, the fact that the jury found Alfa did not breach the contract indicates that Alfa was at least arguably not obligated to pay Poarch's insurance claim.