WILLIAM P. BROWN *v.* LORENZO RICHMOND.

*Evidence. Attachment. Effect of discharge of execution upon suit for not keeping property attached, to be levied on.*

In an action against an officer for not keeping property attached so that the execution could be levied on it, if the writ is lost, the attachment may be proved by parol.

If, during the pendency of such a suit, the execution be paid and discharged; the plaintiff may recover nominal damages and costs, if he had a good cause of action at the commencement of it.

The nature of the action, and the questions presented and decided, sufficiently appear in the opinion of the court, which is the only paper, in the case, in the possession of the reporter; the others having been either mislaid or lost.

By the court, REDFIELD, CH. J.   This is an action against the defendant, as sheriff of Windsor county, for not keeping property, attached on mesne process, so that execution could be levied upon it.   Two questions were made in the court below.

I.   In regard to proving the attachment, by oral evidence upon the stand.   There is a case in Aiken's reports, *State* v. *Daggett*, 2 Aik. 148, where an attachment of property, the writ never having been returned, or not showing the attachment, was allowed to be shown, by the testimony of witnesses, in a criminal prosecution for resisting the officer in making the attachment.   In the present case, the writ was lost.   We see no objection to admitting such proof, in case of the loss of the writ, after being returned, more than in a case where no return is made or is defective.   We do not perceive any defect in the proof given of the loss of the writ, or that search was not made in every place where it was reasonable to require such search.

II.   The discharge of the execution is relied upon as a full defense of the action.   The county court held the plaintiff still entitled to recover nominal damages and costs.   The discharge is not shown, and we do not know the date or form of it.   As no presumption is to be made against the judgment below, we must suppose the discharge of the execution was during the pendency of this suit.   And such a discharge of the execution is nothing more

than a payment of the sum due upon note or bond, or the restoration of the property in trespass or trover, which only goes in mitigation of damages. We see no reason why the judgment below should not be affirmed.

Judgment affirmed.