CHITLICK MORTLAND, Respondent, v. WILLIAM C. SMITH, Appellant.

*Damages.*—In an action against an officer for carelessly taking insolvent securities to a bond for the return of personal property taken and delivered by order of a court, the officer is liable only for the damages actually sustained by the party, and not for the amount of the judgment recovered against the principal on the bond in the original suit. Where the defendant in the original suit claimed to retain possession as security for the freight and charges upon the property taken, he could not recover against the officer if the amount of his claim had been paid him.

*Evidence.*—In an action against an officer for neglect of duty in taking a delivery bond, the record of the judgment in the suit in which the bond was taken will be evidence against the officer that said judgment had been rendered, but not of the amount of damage sustained.

*Appeal from St. Louis Circuit Court.*

*A. M. & S. H. Gardner*, for appellant.

The fifth instruction, asked by defendant's counsel and refused by the court below, was supported and warranted by the evidence, and ought to have been given. It simply submitted to the jury the proposition that if the respondent and his opponent in the original case had settled the matter in controversy, and respondent had been once paid for all his interest in the staves, then he could not claim in this action to recover the value of the staves from appellant.

*J. M. Krum*, for respondent.

BATES, Judge, delivered the opinion of the court.

A suit was brought in the St. Louis Law Commissioner's Court for the recovery of personal property, by Graham against Mortland, the plaintiff in this suit.

Bond was given by the plaintiff in that suit and the property taken by the marshal of St. Louis county, (the present defendant, Smith,) and delivered to Graham. Graham suffered non-suit, and judgment was rendered against him and his securities in the bond. Execution was issued and returned *nulla bona*.

The present plaintiff then brings this suit against the marshal, Smith, charging that he took said bond carelessly, negligently, and without due inquiry as to the solvency and responsibility of said securities; and did not require them to make oath as to their solvency or responsibility. The plaintiff averred that, by means of the carelessness and negligence of the defendant in taking said bond, he had wholly lost said property and the value thereof, and his costs and charges in said suit, and asked judgment for the damages so sustained.

At the trial, the court properly instructed the jury as to the general liability of the defendant, but erred in refusing an instruction having reference to the amount of damages to be recovered. There was evidence given that the parties to the original suit, before judgment therein, had made an agreement under which the plaintiff paid the defendant a sum of money, and the defendant voluntarily gave up the property (staves) to the plaintiff. The defendant thereupon asked the court to give to the jury this instruction:

"If the jury find from the evidence that, after the execution of the order of delivery for the property in question, an agreement was made between the plaintiff in this suit and Thomas Graham, that, if said Graham would pay the freight and charges on the staves in question, he, said Graham, could have them; and that under said arrangement said Graham did pay said freight and charges, and received said staves, then plaintiff cannot recover for the value of said staves."

The defendant is only liable for the damage actually sus-

tained by the plaintiff; and if he really had not lost the staves and their value, he could not recover on account of them. The instruction should have been given.

The judgment rendered in the original case was evidence against defendant that such judgment had been rendered; but was not evidence against him of the amount of damage sustained by the plaintiff.

In the court below, judgment having been given against the defendant, it will be reversed and the cause remanded.

Judges Bay and Dryden concur.