# DeYAMPERT v. JOHNSON.

### Decided January 31, 1891.

1　*Specific attachment—Surrender of property—Liability of sheriff.*

　　A sheriff, who surrenders property, seized by him under a writ of specific attachment, to a claimant, without authority of the court or the parties concerned and without taking a bond as required by the statutes, is guilty of a breach of duty and responsible to the party aggrieved in an action of damages.

2.　*Burden of proof—Measure of damages.*

　　The burden of proof in such case is upon the sheriff to show that he is not responsible for actual damages; if he shows that the property was not subject to the lien of the writ, he will be liable for nominal damages merely.

3. *Error as to nominal damages—Costs.*

> A case will not be remanded for a new trial where the only error is a failure to award the appellant nominal damages; but if he was entitled to costs also, the judgment will be modified to that extent.

APPEAL from *Chicot* Circuit Court.

CARROLL D. WOOD, Judge.

DeYampert sued Barringer to enforce his landlord's lien on certain cotton, and procured a writ of specific attachment to be issued and placed in the hands of the sheriff, the defendant Johnson. The sheriff seized the property, but subsequently released it to a claimant without requiring any bond. DeYampert procured judgment for his debt and sustaining his lien. An execution being returned unsatisfied, he brought this suit upon Johnson's official bond, alleging that he had released the property without authority. Against the objection of plaintiff, defendants introduced evidence tending to show that, on the day the attachment was sued out and before the writ came into the hands of the sheriff, the cotton was sold to one who had no notice of plaintiff's lien. The court sitting as a jury dismissed the complaint at plaintiff's cost.

Plaintiff appealed.

*C. H. Carlton* and *W. S. McCain* for appellant.

The attachment was *special*, not general, and it was the sheriff's duty to seize and hold the particular property mentioned. 3 Wall., 334; 102 U. S., 689. The writ was a protection to him. It was for the court, not for the sheriff, to determine the rights of strangers claiming the property.

Admitting by his return that he had found the cotton and levied on it, he is estopped from pleading that he released it without the consent of plaintiff or an order of court, Drake on Att., secs. 188–9.

*James F. Robinson* and *John G. B. Simms* for appellees.

Sec. 4461 Mansf. Dig. precludes by necessary implication the right of a sheriff to levy on cotton when found in the hands of a purchaser *without notice*. 31 Ark., 131; 34 *id.*, 691. See Drake on Att., sec. 197.

The only effect of a release was to cast the burden on him to show that the title had passed to an innocent purchaser without notice.  Drake, Att., sec. 195; Freeman on Ex., sec. 275.

BATTLE J.   When a valid order to attach specific property is delivered to the proper sheriff, it is his duty to seize the property described in the order and hold the same subject to the order of the court, or until the attachment is dissolved, or he is required by the statute to deliver the same to another person upon his executing a bond.  He can use no discretion or judgment, and has no right to determine to whom the property that he is ordered to seize belongs.  If he surrenders it upon a claim of right to the same, without authority of the court or parties concerned, or taking a bond as required by the statutes, he becomes responsible to the party aggrieved in a civil action for damages.

1.  Liability of sheriff for surrender of property attached.

In actions like this the measure of damages is the actual injury sustained, the actual injury being so much of the debt as was lost by the misconduct of the sheriff.   The breach of duty being clear, the burden of showing that he is not responsible for actual damages is upon the defendant.  He can do so by proving that the cotton seized was not subject to a lien for rent, because it had been sold and was in the possession of a purchaser without notice of the lien before the action was commenced.   But this is not sufficient to relieve him of all liability for damages, but only goes in mitigation.

2.  Burden of proof.

In this action plaintiff had a legal right to have the cotton attached in a former suit held until it was released according to law.   He claimed a lien on it as a security for the payment of his debt, and caused it to be seized in that suit for the purpose of having his alleged lien foreclosed.   As to the existence, validity and extent of that lien, he was entitled to the judgment of the court in the action brought by him. He was entitled to have the cotton held for that purpose. The surrender of it upon the demand of a claimant was a

wrong done to him, for which the defendants in this action are liable for nominal damages, it having been shown that no actual injury was sustained. Sedgwick on the Measure of Damages (6th ed.), pp. 50–51, 633–642; *Rich* v. *Bell*, 16 Mass., 294; *Brown* v. *Richmond*, 27 Vt., 583; *Dow* v. *Humbert*, 91 U. S., 294.

But this court will not remand a cause for new trial when it is apparent that the appellant cannot recover more than nominal damages. *Buckner* v. *Railway*, 53 Ark., 16; 3 Graham and Waterman on New Trials, 1356; *Robertson* v. *Gentry*, 2 Bibb, 542; *Haven* v. *Beidler Mfg. Co.*, 40 Mich., 286.

3. Error as to nominal damages. But inasmuch as it appears from the pleadings and the evidence adduced by both parties that appellant is unquestionably entitled to nominal damages, the judgment of the court below will be reversed, and judgment will be entered here in favor of appellant against appellees for all costs that have accrued in this action in this and the court below; and it is so ordered.