## DUTY *v.* JONES.

### Opinion delivered March 20, 1916.

1. CONVERSION—PROPERTY IN CONTROL OF CONSTABLE—LIABILITY OF CONSTABLE.—A constable is responsible, to the extent of the injury inflicted, for an unauthorized relinquishment of the control of property in his custody.

2. ATTACHMENTS—LIABILITY OF CONSTABLE—INTERESTS OF CLAIMANTS.— A constable, by levying upon property and taking it into his possession, obtains a special property therein, and is accountable to the parties, to the extent of their respective interests.

3. ATTACHMENTS—LIABILITY OF CONSTABLE—EXTENT.—A constable, who has taken possession of property on attachment, and who improperly relinquishes control of the same, is liable to each party only to the extent of his interest.

Appeal from Lafayette Circuit Court; *Geo R. Haynie,* Judge; judgment modified.

*Allen H. Hamiter* and *T. D. Crawford,* for appellant.

1. The only question in this case is the sufficiency of the evidence to sustain the verdict. Our contention is that it is not for several reasons. (1) The jury erred in the amount of their verdict. Jones could only recover his interest in the cotton. There is no dispute as to the value of the cotton; it brought $452.97 at seven cents. It was certainly error to allow appellee more than he claimed which was $216.81. But the evidence shows that he was not entitled to that much. 53 Ark. 167.

2. An appeal had been taken and a supersedeas bond filed. This suspended further proceedings on the execution, and released the cotton from the constable's hands. Kirby's Digest, § § 4668-9. Thereafter he was not liable for it. 45 Miss. 408; 1 Houst. (Del.) 594.

3. As to the five bales held under attachment the constable left them in charge of a warehouseman and took a receipt for same and was not liable for their removal or sale. 37 So. 935; 142 Ala. 259; Murfree on Sheriffs, § 961.

4. Plaintiff is estopped. 76 Ark. 570.

*Searcy & Parks,* for appellee.

1. No objection was raised to the instructions and the verdict is sustained by the evidence. 178 S. W. 372. Stewart was not a party to this suit and Jones' indebtedness to him is not in issue. If the constable converted the cotton, or sold it, or permitted it to be sold without authority of appellee, he was liable. The supersedeas did not release him from this liability. 77 Ark. 504.

2. No agreement to settle with Stewart was proven, and Jones was not estopped. This question was settled by the verdict. No exceptions were saved and the verdict settles all questions of fact in favor of appellee.

McCULLOCH, C. J. Appellee was the tenant of T. J. Stewart for the year 1914 on the latter's farm in Lafayette County, and when the crop was gathered a controversy arose between the two parties as to the amount due the landlord. Stewart sued appellee in October, 1914,

and obtained a judgment before a justice of the peace for a certain amount and caused execution to be issued and placed in the hands of appellant, Duty, who was constable of the township, and the latter served the writ by taking into his possession seven bales of cotton. An appeal was prosecuted by the appellee from that judgment, and a bond was executed superseding the judgment. While that suit was pending in the circuit court, Stewart instituted another suit against appellee in the justice of the peace court and sued out a landlord's attachment, which was by appellant, as constable, levied on five bales of appellee's cotton, making twelve bales in all which came into the custody of appellant as constable.

Before either of those suits was finally disposed of, Stewart sold the cotton, with permission of the constable, as some of the evidence tends to show, and converted the proceeds to his own use. Stewart tendered to appellee the sum of $43, which he claimed represented all the interest appellee had in the cotton, but the tender was declined. Appellee instituted this suit against the constable, and the sureties on his official bond, for the full value of the twelve bales of cotton, alleging that the constable had wrongfully permitted the cotton to be taken and converted by Stewart, and on trial before a jury a verdict was rendered in appellee's favor assessing his damages at the full amount of the value of the twelve bales of cotton. During the pendency of the two suits instituted by Stewart against appellee, those two parties met and attempted to settle their differences. The contention of appellee in the negotiations was that if the cotton should be sold for seven cents per pound, his interest would be $216.81; but Stewart, on the other hand, contended that appellee's interest would only amount to $43 if the cotton be sold at seven cents per pound. It was in fact sold by Stewart for seven cents per pound, and the latter tendered to appellee $43, the amount he claimed was due, but, as before stated, the tender was refused.

It appears to us that the testimony greatly preponderates in favor of Stewart's statement that there was an

agreement between him and appellee that the cotton should be sold for seven cents, and that pursuant to that agreement he made the sale and dismissed the suits, but appellee testified that he did not agree to the sale of the cotton, and that made a sufficiency of testimony to warrant submission of that issue to the jury. The only contention made by appellee, however, is that he was insisting on the amount which he claimed was due him out of the cotton if it was sold at seven cents. He does not claim that the cotton was sold for less than its value, or that he had any objections to the sale at that price, but his sole objection was that he was entitled to the sum of $216.81 in his settlement with Stewart if the cotton was sold at that price. In other words, the undisputed testimony is that the cotton was sold at its full value, and that appellee only claimed that his interest amounted to the sum of $216.81, and we think the contention of appellant is sound that the amount of appellee's recovery should be confined to the actual amount of the interest he had in the property.

(1-3)   The constable was responsible to the extent of the injury inflicted, for an unauthorized relinquishment of control of the property in his custody. *DeYampert v. Johnson,* 54 Ark. 165. But appellee was only entitled to recover the amount of his interest. The constable, by levying upon the cotton and taking it into his possession, obtained a special property therein and was accountable to the several parties interested in the same to the extent of their respective interests. 2 Freeman on Executions, section 202. His liability was to each party only to the extent of his interest, and for that reason appellee can only recover the value of his interest. This is the rule in all actions for conversion unless the plaintiff has a special ownership which entitles him to recover the full amount. But where the suit is against one who holds under another person, or for another who has such interest, the amount of the recovery must be limited to the value of the interest asserted. *Jones v. Horn,* 51 Ark. 19; *DeYampert v. Johnson, supra; Cocke*

v. *Cross*, 57 Ark. 87; *Sunny South Lumber Co.* v. *Nei-meyer Lumber Co.*, 63 Ark. 268; *Anderson* v. *Joseph*, 95 Ark. 573.

The remainder of the proceeds of the cotton must be treated as having been applied by Stewart in satisfaction of the debt due him by appellee, including that portion of the debt for which judgment was rendered in Stewart's favor by the justice of the peace. It is therefore, unimportant, whether or not Stewart dismissed that suit, for, according to the undisputed evidence, he has received satisfaction and can not enforce the judgment.

It follows that the undisputed evidence only sustains a recovery by appellee for the sum of $216.81, and the judgment in excess of that amount is erroneous and it will be modified so as to reduce it to the amount to which appellee is entitled. There were no exceptions saved to any of the instructions, and assuming that the case went to the jury under proper instructions, we find that the evidence is sufficient to warrant a verdict to the extent of the amount above indicated. The judgment will be modified in accordance with this opinion.