HUGHES et al. v. WILLIS. (No. 146.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 9, 1916.)

1. APPEAL AND ERROR ⬅️767(1) — BRIEFS — FAILURE TO COMPLY WITH RULES.

Where appellant's brief was not prepared according to Courts of Civil Appeals Rules, in that it contained and referred to no assignments of error and its propositions were too general and not followed by sufficient statement of proceedings, it will be stricken from the record.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. ⬅️767(1).]

2. SHERIFFS AND CONSTABLES ⬅️170 — RELEASE OF PROPERTY ON DEFECTIVE BOND— LIABILITY.

Where a sheriff released attached goods upon the filing of a defective replevin bond and the goods were later destroyed by fire and defendant was otherwise insolvent, the sheriff and his bondsmen will be liable for the amount of the debt and 10 per cent. thereof as statutory damages.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 409–413; Dec. Dig. ⬅️170.]

Appeal from Newton County Court; W. E. Gray, Judge.

Action by J. R. Willis against T. M. Hughes and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Forse & Ferguson, of Newton, for appellants. Powell & Huffman, of Jasper, for appellee.

BROOKE, J. On the 6th day of October, 1913, appellee, J. R. Willis, filed suit against T. M. Hughes and Preston Hughes, composing the private partnership of Hughes Mercantile Company, on an open account in the sum of $352.50, and on the same day filed his application and bond for attachment, which attachment was, on the said 6th day of October, 1913, issued by the county judge and placed in the hands of the sheriff of Newton county, who executed same by levying upon the stock of goods, wares, and merchandise in the storehouse of Hughes Mercantile Company at Bon Wier, Tex., valued at $600. On the 7th of October, 1913, defendants T. M. Hughes and E. P. Hughes replevied said goods, wares, and merchandise by executing a replevy bond in the sum of $352.50, signed by T. M. Hughes and E. P. Hughes as principals and S. A. Stark as surety. On the 13th day of October, 1913, the stock of goods replevied was destroyed by fire. On the 7th day of January, 1915, the case of J. R. Willis v. T. M. Hughes et al. was called for trial, when S. A. Stark, by way of intervention, filed his motion to quash the replevy bond because same was not a statutory bond, which motion was by the court sustained, and the replevy bond quashed. Upon the trial of the cause it developed from the evidence that T. M. Hughes was not a member of the firm of Hughes Mercantile Company; hence judgment was rendered against E. P. Hughes and the Hughes Mercantile Company for $352.50, with interest and costs. The goods having been destroyed, no foreclosure of the attachment lien was taken. On March 27, 1915, execution was issued against E. P. Hughes and Hughes Mercantile Company and returned on the same day by the sheriff showing that no property could be found belonging to the defendants. On the 30th day of August, 1915, motion was filed against the sheriff and his bondsmen for having released the goods on a defective replevy bond. On the 10th of September, 1915, citation issued against said sheriff and his bondsmen, citing them to appear at the October term of the county court to answer said motion. On the 21st of January, 1916, motion was called for hearing, and judgment rendered against said sheriff and sureties on his bond, for $374.55, the amount of plaintiff's judgment against Hughes Mercantile Company and E. P. Hughes, and for $37.45 as statutory damages, making a total judgment of $412, and all costs of suit, from which judgment this appeal was taken.

[1] We are confronted at the outset with a motion to strike out the brief of appellants, for the reason that the same was not prepared according to the rules of the Courts of Civil Appeals, because: First, the same contains no assignments of error, and in no instance makes reference to any assignments of error filed in the trial court. Second, the propositions contained in said brief are not made with reference to the assignments of error, are too general in their nature, and do not point out the error of the trial court relied on for a reversal of the case. Third, the various propositions in said brief are not followed by a statement of the proceedings contained in the record sufficient to explain and support the propositions. The motion is well taken, and the brief will be stricken from the record.

[2] The court filed his findings of fact and conclusions of law, which are as follows:

"This is a motion in the above entitled and numbered cause against A. M. Sharver, former sheriff of Newton county, Tex., and J. W. Mattox, J. R. Mattox, L. M. Autrey, G. W. Powell, J. D. Powell, L. C. Woods, and J. S. Griggs, as sureties on his official bond by plaintiff, to enter judgment against them as defendants in said motion, having moved the court to file findings of fact and conclusions of law, the same is here now done and are as follows:

"Findings of Facts.

"First. I find that J. R. Willis filed a motion in this cause on the 1st day of April, A. D. 1915, which motion was tried in this cause on the 15th day of July, A. D. 1915, and before any verdict or judgment was entered in said cause plaintiff took a nonsuit, and the cause was dismissed at plaintiff's cost, on the 14th day of July, A. D. 1915.

"Second. That on the 30th day of August, 1915, plaintiff again filed a motion in this cause and had new process issued therein on the 10th day of September, 1915, which citation was served on the defendants in said motion on the 13th

day of September, A. D. 1915, citing said parties to appear at the October term of the county court of Newton county, and that defendant's answer to said motion was filed on the 21st day of January, 1916, on which day this cause went to trial.

"Third. I find that A. M. Sharver was elected sheriff of Newton county, Tex., on the 5th day of November, A. D. 1912, and duly qualified by taking the oath of office and making bond, as such, on the 26th day of November, A. D. 1912, with J. W. Mattox, J. R. Mattox, L. M. Autrey, G. W. Powell, J. D. Powell, L. G. Woods, and J. S. Griggs as sureties thereon, and that said A. M. Sharver was the sheriff of Newton county, Tex., during the month of October, 1913, and at the time the writ of attachment was issued and the replevy bond taken in cause No. 105, J. R. Willis v. T. M. Hughes et al., and that J. W. Mattox, J. R. Mattox, L. M. Autrey, G. W. Powell, J. D. Powell, L. C. Woods, and J. S. Griggs, were sureties on his official bond, at that time, and that, at the time the writ of attachment was issued and the replevy bond taken in said cause, W. E. Mattox was duly appointed and acting sheriff of Newton county, Tex., under the said A. M. Sharver.

"Fourth. That on the 6th day of October, 1913, a writ of attachment was issued in cause No. 105, J. R. Willis v. T. M. Hughes et al., out of the county court of Newton county, Tex., and placed in the hands of the sheriff of Newton county, Tex., which writ of attachment was duly executed by said A. M. Sharver, by and through his deputy W. E. Mattox, on the 6th day of October, 1913, by levying upon all the goods, wares, and merchandise in the storehouse of the Hughes Mercantile Company at Bon Wier, Tex., as the property of T. M. Hughes, and Preston Hughes, then supposed to compose the firm of Hughes Mercantile Company.

"Fifth. That on the 7th day of October, 1913, T. M. Hughes and E. P. Hughes, as principals, and S. A. Stark, as surety, made and executed a replevy bond in the sum of $352.50 and all costs of suit, which bond was duly approved on the 8th day of October, 1913, and filed in this cause on the 16th day of October, 1913.

"Sixth. That the goods so levied upon by virtue of attachment above referred to were appraised by the sheriff as of the value of $500, as shown by his return on said writ of attachment. I find that the amount of plaintiff's claim in the original suit was $352.50, and that said replevy bond is not given for an amount in double the amount of the goods attached nor in double the amount of plaintiff's claim, and that said bond does not include all of the goods embraced in the levy made by virtue of the writ of attachment. I also find that the goods levied upon by the sheriff were of the value of $500 or more.

"Seventh. I find that on the 7th day of October, 1913, citation was served upon T. M. Hughes and E. P. Hughes composing the partnership firm of Hughes Mercantile Company, and that on the same day they executed a replevy bond for the goods attached as principal obligators thereon, and that they nor either of them could sign said bond as surety; they being each sued as codefendants in said cause. That said bond had only one surety thereon, and is not otherwise conditioned as required by law, and that, on the trial of said cause in which this motion is sued out, said replevy bond was duly quashed.

"Eighth. That the storehouse and all the goods levied upon in the attachment and replevied by the defendants T. M. Hughes and E. P. Hughes were destroyed by fire on the 13th day of October, 1913, and that there was no property on which to foreclose the attachment lien on the 7th day of January, 1915, the date upon which the judgment in the original suit against Hughes Mercantile Company and E. P. Hughes, was at the date of said judgment insolvent, and now is and has been insolvent since the rendition of said judgment.

"Ninth. That plaintiff had an execution issued against Hughes Mercantile Company and E. P. Hughes, by virtue of said judgment, on the 27th day of March, A. D. 1915, which execution was duly returned into the county court of Newton county, Tex., on the same day, showing that no property could be found belonging to said parties in Newton county, Tex.

### "Conclusions of Law.

"First. I conclude as a matter of law that the replevy bond given for the possession of the goods was invalid and void as a statutory bond, and that the sheriff, A. M. Sharver, was negligent in releasing the goods under said bond, and no recovery could be had on said bond in the suit and the same properly quashed.

"Second. That A. M. Sharver and the sureties on his official bond are liable to the plaintiff, J. R. Willis, for the amount of his debt and costs, as shown by the judgment, together with 10 per cent. thereon as damages as provided by statute. I therefore find in favor of the plaintiff and against the defendants in said motion the amount of his judgment with 5 per cent. interest thereon and 10 per cent. thereof as damages, making a total of $412, and all costs of suit.                    W. E. Gray, Judge Presiding."

There is no error apparent of record.

The judgment of the lower court is in all things affirmed, and it is so ordered.