**CITY NAT. BANK OF COMMERCE OF WICHITA FALLS v. HEAD, Sheriff, et al. (No. 1733.)**

(Court of Civil Appeals of Texas. El Paso. May 7, 1925.)

1. **Sheriffs and constables** ⟐⟐138(3)—**Showing required of attachment creditor to recover of sheriff, accepting an insufficient replevy bond from debtor, stated.**

Attachment creditor *held* not entitled to recover of sheriff accepting an insufficient replevy bond from debtor, without a showing by a preponderance of evidence that sureties on bond were insolvent at time of approval and acceptance thereof, and that sheriff either was cognizant thereof, or might have known it by use of reasonable care.

2. **Sheriffs and constables** ⟐⟐138(3)—**Plaintiff held not to have discharged burden of proving that sureties on replevy bond were insolvent at time of acceptance thereof, and that sheriff was cognizant of that fact.**

In suit by attachment creditor against sheriff for accepting an insufficient replevy bond from debtor, plaintiff *held* not to have discharged burden of proving, by a preponderance of evidence, that sureties were insolvent at time of approval and acceptance of replevy bond, and that sheriff either was cognizant thereof, or might have known it by use of reasonable care.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Action by the City National Bank of Commerce of Wichita Falls against L. D. Head, Sheriff of Stephens County, and his sureties, in which the sureties, by special plea asked for judgment over against the sheriff. Judgment for defendants, and plaintiff appeals. Affirmed.

Kay, Akin & Kenley, of Wichita Falls, and Jno. F. Evans, of Breckenridge, for appellant.

V. L. Shurtleff and W. R. Saunders, both of Breckenridge, and Scarborough & Wilson, of Abilene, for appellees.

PELPHREY, C. J. In this case appellant, City National Bank of Commerce of Wichita Falls, Tex., sued appellees L. D. Head, Fred M. Bottorff, J. G. Harrell, H. V. Caldwell, and C. M. Caldwell for the sum of $4,091.50,

in the district court of Stephens county, Tex., alleging in their petition that L. D. Head, as sheriff, had levied upon certain goods belonging to A. C. Page, who was defendant in suit No. 10314, wherein appellant was plaintiff; that a writ of attachment was issued and served by a deputy of appellee L. D. Head upon certain personal property of the said A. C. Page; that thereafter the sheriff accepted and approved a replevy bond signed by the said A. C. Page as principal, and J. K. Noonan and M. A. Park as sureties; that the sureties were, and at all times since have been, insolvent, and that such fact was or could, by the use of reasonable diligence, have been known to appellee Head; that the other appellees were sureties on the official bond of appellee Head, and as such were liable to appellant for the said sum of $4,091.50.

Appellees answered by general demurrer and general denial, and appellees C. M. and H. V. Caldwell, in a special plea, asked for judgment over against appellee Head.

The case was tried before the court, who rendered judgment that plaintiff take nothing by reason of the suit.

Upon request of appellant, the court filed findings of fact and conclusions of law as follows:

(1) That defendant L. D. Head was at the times alleged in plaintiff's petition sheriff of Stephens county, Tex., and the defendants Fred M. Bottorff, J. G. Harrell, H. V. Caldwell and C. M. Caldwell were at said times sureties on the official bond of L. D. Head, as sheriff.

(2) That plaintiff, about March 1, 1921, filed a suit in the district court of Wichita county, Tex., against A. C. Page on an indebtedness of $4,175, and thereafter, about April 12, 1921, caused to be issued out of said court a writ of attachment directed to the sheriff or any constable of Stephens county, Tex., which writ of attachment was delivered to the defendant L. D. Head, as sheriff of Stephens county, and on April 14, 1921, was executed by a deputy sheriff, acting for sheriff Head, by levying on certain goods in the business house of A. C. Page in Breckenridge, Stephens county, Tex., of a total retail value of $4,091.50, and return was duly made showing a levy on such property.

(3) About April 21, L. D. Head, as sheriff, acting by Frank Edmondson, deputy, accepted a replevy bond signed by A. C. Page and J. K. Noonan and M. A. Park, and released the property levied on under the writ of attachment.

(4) Thereafter the plaintiff recovered judgment in the district court of Wichita county, Tex., against A. C. Page, and the two sureties on his replevy bond in the sum of $4,091.50.

(5) That, at the time the deputy sheriff Edmondson accepted the replevy bond, J. K. Noonan, one of the sureties, made an affidavit that he was worth $15,000, above his exemptions, and both Noonan and Page assured the deputy sheriff that the other surety, Park, was worth, in his own right, the amount of the bond. In this connection we further find that the evidence shows that M. A. Park was at the time insolvent, but there is no evidence to show how much J. K. Noonan, the other surety, might have been worth at that or any other time.

### Conclusions of Law.

(1) "I conclude as a matter of law that there was no negligence on the part of the sheriff shown in accepting the replevy bond, but that the sheriff acted in that matter with reasonable care, and is thereby not liable in damages to the plaintiff."

(2) "I find as a matter of law that, no showing being made that J. K. Noonan, one of the sureties on the bond, was not worth the amount of the bond, or that the amount of the bond could not have been made out of him, the plaintiff would not be entitled to recover herein against the defendants, regardless of the question of negligence."

Appellant assigns as error the finding of the court that there was no evidence to show how much the surety J. K. Noonan might have been worth at the time of the acceptance of the replevy bond, or at any other time; the finding of the court that J. K. Noonan made an affidavit that he was worth $15,000 above his exemptions, and that both Noonan and Page assured the deputy sheriff that the other surety, M. A. Park, was worth, in his own right, the amount of the bond; in not finding whether or not the sheriff was guilty of negligence in approving and accepting the replevy bond; in concluding as a matter of law that Sheriff Head was not negligent in accepting and approving the replevy bond; and the exclusion of certain testimony offered by appellant.

[1] Before appellant would be entitled to recover in this case it would be necessary for him to prove by a preponderance of the evidence that the sureties were insolvent at the time of the approval and acceptance of the replevy bond, and that the sheriff either was cognizant of that fact or might have known it by the use of reasonable care.

[2] We think it has failed to discharge that burden, and that the court was correct in rendering judgment for the sheriff and his bondsmen.

We have examined the record as to the errors complained of, and find that none of the court's actions which are assigned as error materially affected the result of the case, and it is therefore affirmed.