## FIDELITY & DEPOSIT CO. OF MARYLAND v. FIRST NAT. BANK OF TEAGUE.

### No. 1509.

Court of Civil Appeals of Texas. Waco.
Oct. 10, 1935.

Rehearing Denied Dec. 5, 1935.

606

Albert B. Hall, of Dallas, and P. O. French and Williford & Williford, all of Fairfield, for appellant.

Richard & A. P. Mays, of Corsicana, and Geppert, Geppert & Victery, of Teague, for appellee.

GALLAGHER, Chief Justice.

First National Bank of Teague, appellee herein, on March 25, 1930, instituted suit in the district court of Freestone county against J. R. Huffman and F. H. Berry to recover on a promissory note executed by them to said bank. The principal, interest, and attorney's fees on said note at that time amounted to $3,731. Appellee sued out a writ of attachment in said cause for said sum and placed the same in the hands of J. H. Eubank, sheriff of said county,

who levied the same on 20 head of horses and mules, 20 sets of harness and 20 collars, all of which property was appraised by said sheriff at the aggregate sum of $2,250. Thereafter, on the 3d day of May, 1930, said sheriff accepted from F. H. Berry, one of the defendants in said suit, a replevy bond for all said property, signed by said Berry as principal and Lang Smith and John T. Peavy as sureties, released said levy, and delivered all the same to him. Appellee, on the 24th day of November, 1930, recovered judgment in said cause against the said Huffman and Berry for the sum of $4,025, and against F. H. Berry, Lang Smith, and John T. Peavy on said replevy bond for the sum of $2,250. The court in that connection directed that all sums collected on said latter judgment should operate as a credit on the former judgment in favor of appellee against said Huffman and Berry. Nothing was ever collected on either the original judgment or the judgment on the replevy bond.

Appellee, First National Bank of Teague, then instituted this suit against said J. H. Eubank, as principal, and appellant, Fidelity & Deposit Company, as surety on his official bond as sheriff, to recover damages for the alleged unlawful and negligent act of said Eubank in accepting an insolvent replevy bond and surrendering the attached property to said Berry in reliance thereon. Appellee alleged that such wrongful and negligent action by said sheriff constituted a breach of his official bond and rendered both him and his surety liable to appellee for the value of the attached property, which it alleged to be the sum of $4,500. Predicated upon such allegations, appellee prayed for judgment against both said Eubank and appellant, jointly and severally, for the value of said attached property as of the date when the same was surrendered to said Berry and the sureties on his replevy bond.

Appellant, among other defensive pleas, alleged that said F. H. Berry had, on November 9, 1929, for a valuable consideration, executed and delivered to Maud E. Berry a promissory note for the sum of $10,000, payable in monthly installments of $500 each, and had secured the payment thereof by a valid chattel mortgage covering all the property levied on by appellee, together with other property; that on May 7, 1930, there was due on said indebtedness the sum of $8,750.86; that said mortgage was duly foreclosed and said property

seized, and on May 19, 1930, sold at public auction for the sum of $2,700, which was applied on the indebtedness evidenced by said note, leaving more than $6,000 thereof unpaid. Appellant further alleged that said mortgage was duly deposited and filed as required by law to constitute notice to appellee prior to the levy of its writ of attachment. Appellee excepted to said plea on the ground that the same presented no legal defense to its suit. Said exception was sustained.

The case was submitted on special issues, in response to which the jury found, in substance, that said Eubank, in approving the replevy bond and surrendering the attached property, failed to exercise ordinary care; that he failed to exercise such care to ascertain the financial worth of each of the sureties on said replevy bond; and that neither of said sureties was worth the amount of such bond over and above his debts secured by liens on his property. No other issues were submitted nor requested. The court rendered judgment in favor of appellee against said Eubank and appellant, jointly and severally, for the sum of $2,662.50, being the amount of said replevy bond, with legal interest on such amount from the date thereof.

## Opinion.

■ Appellant assails the right of appellee to recover on the bond sued on herein on the ground that the same is a statutory one, payable to the Governor of the state, and contains no promise to any one, except the payee named therein. Appellant contends that said bond creates no obligation against the signers thereof in favor of any private person, notwithstanding such person may have been injured by the unlawful official act or default of such sheriff. The proposition of law involved in appellant's contention has been considered by our Supreme Court and held untenable. Mendoza v. Singer Sewing Mach. Co. (Tex.Com.App.) 84 S.W.(2d) 715, 717, par. 2; Bordelon v. Philbrick (Tex. Com.App.) 84 S.W.(2d) 710, 711 et seq., pars. 1 to 3; Rich v. Graybar Electric Co. (Tex.Com.App.) 84 S.W.(2d) 708; Citizens' State Bank of Wheeler v. American Surety Co. (Tex.Civ.App.) 65 S.W.(2d) 778, 779, par. 1 (writ refused). See, also, Tabor v. McKenzie (Tex.Civ.App.) 49

S.W.(2d) 874, 876, par. 3, and authorities there cited.

■ Appellant assails the action of the court in sustaining appellee's exception to its plea in which it alleged that the property attached and thereafter surrendered to said Berry on his replevy bond was at the time of the levy of its writ of attachment legally incumbered by a chattel mortgage, of which appellee was charged with notice, to secure a valid indebtedness in excess of the value of such property. The issue involved in such contention is the proper measure of the damages recoverable against a sheriff for negligently taking an insolvent replevy bond and surrendering attached property thereon. Appellant insists that such measure is the value of the property or interest therein acquired by the levy of the writ, to be determined as of the time of surrender. Appellee insists that such measure is the amount of the uncollectible judgment rendered on the replevy bond. The reported cases involve the liability for taking a bond defective in form, upon which a summary judgment, as provided by article 302 of our Revised Statutes, cannot be rendered, and also the liability for taking a bond with insufficient sureties, from whom the judgment rendered thereon cannot be collected. The general rule announced in all such cases is that the plaintiff in the writ is entitled to recover the damages sustained by him, not to exceed the amount of his debt or the value of the property seized under the writ and unlawfully or negligently released, if such value is less than his debt. The wrong in either case consists of the taking of a defective or insufficient bond and the surrender of the attached property. 38 Tex.Jur. pp. 463 et seq., § 28, and authorities there cited; 57 C.J. p. 855, § 353; 24 R.C.L., p. 988, § 82, and authorities there cited; Barclay v. Scott, 1 White & W. Civ.Cas.Ct. p. 45, §§ 110, 111; Lipscomb v. Mensing, Stratton & Co., 2 Willson, Civ.Cas.Ct. pp. 482 et seq., §§ 535, 537; Hughes v. Willis (Tex.Civ.App) 191 S.W. 584; City Nat. Bank of Commerce v. Head (Tex.Civ.App.) 273 S.W. 653, 654; Murdoch v. Will, 1 Dall. 341, 1 L.Ed. 166; Mortland v. Smith, 32 Mo. 225, 82 Am. Dec. 128; Edwards-Barnard Co. v. Pflanz, 115 Ky. 393, 73 S.W. 1018, 1019 (bottom second column, citing Hayman v. Hallam, 79 Ky. 389); Duty v. Jones, 123 Ark. 46, 184 S.W. 419, 420; Isenman v. Burnell,

**608**

125 Me. 57, 130 A. 868, 870, pars. 3 and 4; Campbell v. Tucker (Ala.App.) 154 So. 821, 823, pars. 2 to 5, certiorari denied 228 Ala. 658, 154 So. 825. Appellee has not cited any authority sustaining its contention with reference to the proper measure of damages in this case. Since the replevy bond accepted by said sheriff was not signed by two or more good and sufficient sureties, as required by article 292 of our Revised Statutes, and since the effect of the finding of the jury is that he could have ascertained such insufficiency by the exercise of ordinary care, he ought not to have accepted such bond nor released the levy made on the property. But for this breach of duty, the property would have remained in his hands, to be sold in satisfaction of any judgment recovered. We may not assume that a solvent bond would have been tendered had the sheriff not accepted said insufficient one. It would therefore seem that the value of such property, the same being less than appellee's debt, would be the just and proper measure of appellee's damages. Mortgaged property may, under the express provisions of our Revised Statutes, be seized and sold as the property of the mortgagor, subject to the lien created by such mortgage. Articles 3797, 288. When an attaching creditor has constructive notice of the existence of an incumbrance, as it is charged in the plea under consideration that appellee had in this case, the purchaser at a sale made in pursuance of a foreclosure of his attachment lien would acquire only a qualified interest in the property; that is, the legal title subject to the mortgage debt. Brooks v. Lewis, 83 Tex. 335, 338, 18 S.W. 614, 29 Am.St.Rep. 650; Liquid Carbonic Co. v. Logan (Tex.Civ.App.) 79 S.W.(2d) 632, 634, pars. 4 and 5. Evidence therefore of a valid mortgage on the attached property which would have been admissible under the stricken plea would have been material on the value of the property surrendered by the sheriff in this case. The court erred in sustaining appellee's exceptions to said plea.

Appellant's other assignments of error relate to matters which will not necessarily arise in the same way, if at all, upon another trial.

The judgment is reversed, and the cause remanded.