## DYER, Sheriff, v. HAUSER.

### No. 3451.

Court of Civil Appeals of Texas. El Paso.

Dec. 10, 1936.

Hubbard & Kerr, of Pecos, for appellant.

Johnson & Crumpton, of Fort Stockton, for appellee.

WALTHALL, Justice.

This case presents an appeal from an order of the district court of Winkler county overruling appellant's plea of privilege to have this case transferred to Ward county and to be sued in Ward county, the county of his domicile.

The record in this case shows substantially the following: In a cause in the district court of Eastland county, Tex., entitled Kinnaird, receiver of Murray Tool Company v. J. E. Hauser and Westex Machine & Tool Co., a writ of sequestration was issued on the 7th day of June, 1934, in favor of Kinnaird, receiver, and against J. E. Hauser and Westex Machine & Tool Company, and addressed to the sheriff of Ward county, Tex., commanding the sheriff to take into his possession certain personal property itemized and fully described in the record and situated at Monahans, Ward county, and then in the possession of plaintiff Kinnaird, receiver, in the above Eastland county suit.

On June 9, 1934, appellant, as sheriff of Ward county, and acting under said writ of sequestration, took possession of said personal property consisting of certain pipe, fittings, machinery, tools, equipment, material, and supplies, placed it in a machine shop in Monahans, and in the possession of a watchman.

Thereafter on July 23, 1934, Sam Weiner tendered his claimant's oath and bond to appellant, Sheriff Dyer, and demanded the possession of said property, and which oath and bond was approved by appellant and the property was released to claimant, Sam Weiner.

Appellee Hauser brought this suit against Sam Weiner and the sureties on Weiner's claimant's bond to the September term, 1935, of the Ward county district court. In his petition plaintiff Hauser alleged that he was the owner of the property involved in the controversy, and as to Weiner and his sureties he alleged the facts substantially as above stated; alleged that Sheriff Dyer accepted a claimant's bond from Weiner in an amount much less than the market value of the property claimed, stating the value of the property claimed, and amount as to the value of the property stated in the claimant's bond and the amount of the bond approved and accepted by Sheriff Dyer, and prayed for judgment, jointly and severally, for the value of the property, and for the value of the use, hire, wear, increase, and fruits of the property and interest as provided in the statute. In the Ward county district court claimant Weiner and his sureties, by their written agreement and permission of the court, changed the venue of the suit from Ward county to Winkler county, for trial, and the cause of action as to said parties was, by order of the court, changed to Winkler county.

On January 31, 1936, in the Winkler county district court, plaintiff Hauser filed his first amended original petition in which he made F. I. Dyer, in his official capacity as sheriff of Ward county, a party defendant, and Dyer's surety on his official bond as sheriff.

In his amended petition plaintiff Hauser pleaded substantially as in his original petition as to its legal effect and further pleaded that Weiner at the same time and place, by means of the oath and bond secured from the possession of the sheriff the personal property in the oath and bond and described in an exhibit attached, and also secured certain other personal property described in an exhibit, with the value, all of which property Weiner converted to his use and benefit and for the value of which plaintiff sues; plaintiff alleges that Dyer, as sheriff, did not safely keep, preserve, and protect said property during his possession, but that he and his agent in possession negligently and carelessly permitted and allow-

ed Weiner to take from said building that part and portion of said property not set out in the claimant's oath and bond, and that Dyer thereby committed, in connection and conjunction with Weiner, a trespass and offense against plaintiff and his property, to plaintiff's damage as stated. Plaintiff prayed that Dyer and his official surety be cited and that plaintiff have judgment jointly and severally against all defendants for the amounts as stated. Defendant Weiner answered claiming title and ownership to the property described and levied upon by Dyer under the sequestration writ; that he is not a party to the sequestration suit, that his claim was made in good faith and that the total value of said property is as set forth in his oath and bond.

The record shows service upon Dyer's official surety, Republic Underwriters.

Defendant F. I. Dyer answered in his official capacity as sheriff of Ward county, in which he filed his plea of privilege, formal in all respects, denied that at any time was he a resident of Winkler county, that at all times mentioned he was and is a resident of Ward county, that no exception to exclusive venue in one's residence provided by law exists in said cause, and prays that the court sustain his plea of privilege.

Plaintiff filed a controverting affidavit to Dyer's plea of privilege setting out substantially the matters stated in his amended petition; that all of the allegations in his petition are true and refers to and adopts such amendment as a part of his controverting plea; alleges the residence of Weiner and his sureties to be in Winkler county; alleges that Weiner and his sureties on claimant's oath and bond are jointly liable with Dyer and are necessary and proper parties with Dyer in the suit; that his asserted cause of action in his amended petition is a part of and grows out of the same transaction, the illegal taking by Weiner of plaintiff's property, and that because of the residence of Weiner and his sureties being in Winkler county and the cause of action with the other defendants being joint, the venue of the suit as to Dyer is properly in Winkler county, under subdivisions 4 and 29a, of article 1995, of the Statutes which plaintiff pleads, and prays that the plea of privilege be overruled.

The court overruled the plea of privilege, and Dyer appeals.

## Opinion.

The proper venue of this suit as to appellant Sheriff Dyer under his plea of privilege to be sued in Ward county, the county of his residence, is the only issue presented for the consideration of this court.

Appellee made Dyer a party to the suit in his amended petition, filed after the venue of the suit had been changed from Ward county to Winkler county.

The facts alleged, stating plaintiff's cause of action against Weiner and Sheriff Dyer, are substantially as stated above.

As to Weiner, it is alleged, in substance, that while Sheriff Dyer had possession of said property under the writ of sequestration, Weiner secured the possession of the property described in the two exhibits under his claimant's oath and bond and "appropriated and converted it to his own use and benefit," to his damage, as alleged.

As to Sheriff Dyer, it is alleged, in substance, that when Dyer took possession of said writ of sequestration said property was situated in a building belonging to appellee; Dyer took possession of said building and took and kept the key to the building and said property and placed same in the care and control of Bill Vest, as watchman; that Dyer and said watchman "negligently and carelessly permitted and allowed the defendant Weiner to take from said building and from his possession that portion of said personal property not described and set out in said claimant's oath and bond, and that said defendant Dyer thereby committed, in connection with defendant Weiner, a trespass and offense against this plaintiff and his property."

Appellant submits a number of propositions.

Appellee submits that the pleading and proof show a joint cause of action against a resident and a nonresident for a conversion of property not taken or covered by Weiner's oath and bond; that Dyer negligently accepted claimant's bond, insufficient in amount; that the cause of action asserted as to Weiner and Dyer grows out of the same transaction, a conversion of personal property, a trespass.

Sheriff Dyer was called to testify as a witness by appellee. Without quoting his evidence at length, but to show what concert of action there was, if any, between him and Weiner in the matter of the joint

trespass charged, we state briefly the substance of his evidence:

Was sheriff of Ward county; recalls taking over the Hauser machine shop at Monahans under the writ of sequestration; put Bill Vest in charge; witness took the property over about June 9th and turned it back (to appellee) August 4, 1934. Nobody that witness knows of took anything away from there during the time witness was in possession other than the things taken by Weiner under his claimant's bond and oath; was not present when Weiner took the things away from the shop, only Vest and Deputy Sheriff Lewis were present; witness does not know what was taken away; what is alleged in the writ of sequestration is the true fact of what transpired with reference to the writ; other properties were on the premises (machine shop), and witness' levy was on the building and certain property described in the writ; witness levied on no other property, some of the property described in the writ was outside the building, a big steel hammer and probably other large pieces of machinery and other items of oil field machinery, on which no levy was made and on which property outside building, witness assumed no management, care, or control, other than properties in the writ; those specific properties covered by the writ witness returned in accordance with witness' return to appellee and Mr. Kinnaird, except the property covered by the claimant's bond filed and returned.

Appellee Hauser testified:

When the property was taken over by Dyer there was a mill for a mudhog pump in that property that belonged to witness. Mr. Haggart made it; the mill for the mudhog pump was missing when witness got the property back. Witness testified at some length as to the character of his business at Monahans, the kind of tools and machinery he had and that the property was taken in possession by Mr. Dyer under sequestration; witness and Vest checked the property and made a list of it, identified list, property sued for is included in list, and was there at that time. Weiner's claimant's oath and bond was put in evidence, as was also the controverting plea and appellee's amended petition.

In the verified controverting plea it is stated, in substance, that Weiner tendered to Dyer a claimant's oath and bond for certain articles of property and that Dyer negligently accepted same which was grossly insufficient and not double its true value; that Dyer negligently permitted Weiner to take from his possesion certain articles of said property not described in and not covered by the claimant's oath and bond; that Weiner converted all of said property to his own use and benefit; the plea refers to and adopts the allegations of the amended petition and says same are true and correct; that the cause of action asserted in the amended petition against Dyer is a part of and grows out of the same transaction, that is, the illegal taking by Weiner of plaintiff's property.

We doubt, under the amended petition, the controverting plea and the evidence that it can be said they show a concert of action or unity of design between Weiner and Dyer in the matter of approving an insufficient bond. We think that to show such concert of action or such unity of design in approving an insufficient bond the pleading should allege and the proof show that Dyer knew, or by ordinary diligence could have known, that the property had a greater value than was given it. City Nat. Bank of Com. of Wichita Falls v. Head, Sheriff (Tex.Civ.App.) 273 S.W. 653. Unless the tort as pleaded and proved is legally classed as a joint tort in the sense of community wrongdoing, there can be no joinder of the several wrongdoers. 32 Tex. Juris. p. 48, and referring to Citizens Nat. Bank v. Overstreet (Tex.Civ.App) 46 S.W. (2d) 409, and other cases.

Some of the items of property involved in this suit were in the building and some were not. Vest and Deputy Sheriff Lewis were in charge of the property. It is alleged as against Sheriff Dyer that he gave consent to the taking of the property not covered by the claimant's bond. The only evidence in the record as to any consent to the taking of the property was by Dyer and he said he gave no consent. Neither Vest nor Lewis testified, and it is only inferentially shown that any consent was given to the taking by Weiner. However that may be, we have concluded, after reviewing the cases referred to and many others, that the Sun Oil Company v. Robicheaux et al., 23 S.W.(2d) 713, 715, by the Commission of Appeals, and Henderson Grain Co. et al. v. Russ et al., 122 Tex. 620, 64 S.W.(2d) 347, have application to the instant case, conceding for purpose of the application of the two cases that the pleading and the evidence show a tort as to Dyer on one feature of appellee's cause of action.

In the first-cited case it is said: "The rule is well established in this state, and supported by almost universal authority, that an action at law for damages for tort cannot be maintained against several defendants jointly, when each acted independently of the others and there was no concert or unity of design between them. In such a case the tort of each defendant is several when committed, and it does not become joint because afterwards its consequences united with the consequences of several other torts committed by other persons in producing damages."

The Henderson v. Russ Case is lengthy and we refer to the case for a statement of the facts. We refer to the case for the reason that it refers to the Sun Oil Company Case and adopts and copies the portion of the opinion we have above stated.

We think the record does not show a joint cause of action between Weiner and Dyer. The record, as we construe it, does not show a concert of action or unity of design between Weiner and Dyer in committing any of the acts complained of.

For reasons stated, the case is reversed and remanded, with instruction that the cause of action as to Dyer be transferred to Ward county.